Argued and submitted July 26, affirmed October 9, 1991

In the Matter of the Compensation of
Daniel P. Roam, Claimant.

SAIF CORPORATION
and Cape Arago Lumber Co.,
*Petitioners,*

*v.*

Daniel P. ROAM,
*Respondent.*

(89-03055; CA A66917)

818 P2d 962

Arden J. Olson, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Donald M. Hooton, Eugene, argued the cause for respondent. On the brief were Jon C. Correll and Malagon, Moore & Johnson, Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Employer seeks review of an order of the Workers' Compensation Board holding that it is responsible for payment of certain medical expenses necessary for the treatment of claimant's noncompensable psychiatric problem.

Claimant, who has a pre-existing psychiatric problem, including drug dependency, sustained a compensable elbow injury in 1977, requiring several surgeries over a period of years. In 1987, he claimed that those surgeries had worsened his psychiatric condition. He and employer entered into a disputed claim settlement by which claimant agreed that his psychiatric condition was not compensable. As part of the settlement, employer paid claimant $7,000. One year later, claimant's treating physician recommended further surgery on his elbow but stated that claimant must first be treated for his psychiatric problem. Although employer concedes that the surgery would be compensable, it denied the claim for treatment of the psychiatric condition, contending that the disputed claim settlement had absolved it of all responsibility for that problem. The referee held that employer must pay for the treatment, and the Board affirmed.

Claimant is entitled to treatment reasonably necessary to permit treatment of the compensable elbow condition. ORS 656.245; *Van Blokland v. Oregon Health Sciences University,* 87 Or App 694, 743 P2d 1136 (1987); *see also Williams v. Gates, McDonald & Co.,* 300 Or 278, 709 Or 712 (1985). The evidence is uncontroverted that treatment of the non-compensable psychiatric condition is necessary as a prelude to treatment of the compensable elbow injury. Accordingly, the Board correctly held that employer must pay for the necessary psychiatric treatment.

Affirmed.