Argued and submitted October 7, 2004, reversed and remanded for reconsideration May 11, respondents' petition for reconsideration filed May 25 allowed by opinion July 13, 2005
See 200 Or App 569 (2005)

In the Matter of the Compensation of
Edward G. Sprague, Claimant.

Edward G. SPRAGUE,
*Petitioner,*

*v.*

UNITED STATES BAKERY,
SAIF Corporation
and Jerry's Specialized Sales,
*Respondents.*

01-01561, 00-07404; A121957

112 P3d 362

Christopher D. Moore, argued the cause and filed the briefs for petitioner.

E. Jay Perry argued the cause for respondent United States Bakery. With him on the brief was Employers Defense Counsel.

David L. Runner argued the cause and filed the brief for respondents SAIF Corporation and Jerry's Specialized Sales, Inc.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Leeson, Judge pro tempore.

EDMONDS, P. J.

## EDMONDS, P. J.

Claimant seeks reversal of a Workers' Compensation Board (board) order upholding SAIF's denial on behalf of employer of claimant's medical services claim for gastric bypass surgery that was performed in January 2001.[1] ORS 656.245. Claimant argued to the board that the gastric bypass surgery was needed to reduce his obesity in order to make knee replacement surgery successful. We review for substantial evidence and errors of law, ORS 656.298(7) and ORS 183.482, and remand.

The following facts are taken from the administrative law judge's (ALJ's) order, which the board adopted with supplementation:

"Claimant compensably injured his left knee while working as a mechanic for Jerry's Specialized Sales in March of 1976. He weighed 225 pounds at the time of the injury. SAIF accepted claimant's claim and he underwent an arthroscopy to repair a torn lateral meniscus in December of 1976. The claim was ultimately closed with an award of 15 percent scheduled disability on August 29, 1977. In the interim, he began working as a baker for United States Bakery.

"Claimant began gaining weight after his 1976 injury. By January of 1996, he weighed 320 pounds and his physicians were considering a surgical approach to bring his weight under control. In 1998, his left knee became symptomatic once again and his increasing weight was seen as an aggravating factor in that regard.

"On February 5, 1999, claimant suffered a second left knee injury, this time while working as a baker. United States Bakery accepted claimant's claim for 'disabling cartilaginous fragments of the left knee' on November 5, 1999. On January 13, 2000, it modified its acceptance to include a combined condition, which included preexisting left knee

---

[1] SAIF is the insurer for Jerry's Specialized Sales where claimant worked when he was injured in 1976. Shortly thereafter, claimant began working for his current employer, United States Bakery, whose claim processor is Gates McDonald. Both employers filed briefs on review because the issue of responsibility may remain if the surgery is compensable.

problems. The next day, [Gates McDonald] issued a denial of the combined condition."

The board also found:

"Claimant is genetically predisposed to obesity. He has been overweight since he was a child, with fluctuations of 40 to 100 pounds since 1976. Claimant weighed about 225 pounds when he first injured his left knee in 1976. He weighed about 350 pounds when Dr. Flanagan performed gastric bypass surgery on January 3, 2001. Claimant needed gastric bypass surgery to treat his obesity, various co-morbid conditions, and his left knee condition.

"Dr. Walton recommends total left knee replacement surgery. Claimant's obesity contributed to his need for knee surgery, as do residuals from his 1976 injury and surgery, including arthritis. Claimant would need to lose a significant amount of weight (100 to 150 pounds) in order for that surgery to be successful."

(Record citations omitted.) In addition, on December 20, 2000, SAIF issued a modified acceptance, noting that, in addition to its previous acceptance of claimant's "knee" claim, it was also accepting "arthritis of the lateral compartment, left knee." However, SAIF took the position that claimant's claim for medical services for the gastric bypass surgery was not compensable.

Claimant assigns error to the board's failure to find his requested medical services for a gastric bypass compensable pursuant to ORS 656.245.[2] Claimant's specific argument is that the board "erred by passing over the first part of

_____

[2] ORS 656.245(1)(a) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of recovery requires, subject to the limitations in ORS 656.255, including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or the self-insured employer shall cause to be provided only those medical services directed to medical conditions caused in major part by the injury."

ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is

the statute and going to the second part dealing with combined or consequential conditions." Under the first sentence of ORS 656.245(1)(a) an employer is responsible for medical services for conditions caused in material part by an accepted injury. SAIF argues that the board appropriately applied the second sentence of the statute because it had found that claimant's current accepted left knee condition was a consequential condition of his accepted condition. If claimant's current condition is a consequential condition, then employer is responsible under ORS 656.245(1) only for medical services caused in major part by claimant's accepted condition.

In arriving at its conclusions upholding SAIF's denial, the board found that claimant needed gastric surgery

> "*partly* because he needs knee replacement surgery and he must lose weight for the knee surgery to be successful. However, the gastric surgery was also performed *for the obesity*. And Dr. Flanagan [claimant's treating physician] never explained *why* he believes that the knee condition contributed more to the need for gastric surgery than did the preexisting genetically determined obesity."

(Emphasis in original.) The board reached the following conclusions:

> "Although claimant has no accepted gastric condition, the bypass surgery was performed in part to treat his left knee condition (which is due largely to the 1976 work injury). *Insofar as the surgery was performed to treat claimant's obesity and his left knee, we find that the claim is best characterized as a claim for medical services for a consequential condition.* Therefore, under ORS 656.245(1)(a), claimant must prove that his compensable knee injury was the major contributing cause of his need for gastric surgery.

---

established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B) If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

> That means that he must establish that his work injury (or injuries) contributed more to his need for gastric surgery than all other causes combined."

(Footnotes and record citations omitted; emphasis added.)

We disagree with the board's characterization of claimant's claim for medical services as involving medical services for a consequential condition that implicates the second sentence of ORS 656.245(1)(a) and its major contributing cause standard. The second sentence of ORS 656.245(1)(a) refers to consequential and combined conditions described in ORS 656.005(7). In *Fred Meyer, Inc. v. Crompton,* 150 Or App 531, 536, 946 P2d 1171 (1997), we explained that ORS 656.005(7) makes it "clear that a consequential condition is a separate condition that arises from the compensable injury, for example, when a worker suffers a compensable foot injury that results in an altered gait that, in turn, results in back strain." Here, claimant's obesity is a separate condition, but the board found that claimant was "genetically predisposed to obesity." Moreover, it did not find that claimant's obesity arose from claimant's knee condition, which is required for it to be a consequential condition of an accepted condition. The statutory definition of a "consequential condition" is not satisfied, as the board reasoned, simply because the gastric bypass surgery was performed, in part, to treat claimant's obesity and, in part, to treat his knee condition. Also, it could be that the treatment of claimant's obesity, a nonconsequential condition, is a necessary prelude to the treatment of his compensable knee condition. *See, e.g., SAIF v. Roam,* 109 Or App 169, 818 P2d 962 (1991) (holding that the claimant was entitled to treatment of a noncompensable psychiatric condition as a necessary prelude to treatment of a compensable elbow injury).

On reconsideration, the board should consider whether the medical service of gastric bypass surgery is a medical service that satisfies the requirements of the first sentence in ORS 656.245(1)(a). The evidence underlying this claim is that the 1976 knee injury and the development of arthritis in that knee constitute an accepted *combined* condition that now requires total knee replacement surgery. The

issue on remand under ORS 645.245(1)(a) is whether the gastric bypass is a medical service for a condition that was "caused in material part" by the accepted knee condition.

Reversed and remanded for reconsideration.