On respondents' petition for reconsideration filed May 25, reconsideration allowed; former opinion (199 Or App 435, 112 P3d 352) modified and adhered to as modified July 13, 2005

In the Matter of the Compensation of
Edward G. Sprague, Claimant.
Edward G. SPRAGUE,
*Petitioner,*
*v.*
UNITED STATES BAKERY,
SAIF Corporation
and Jerry's Specialized Sales,
*Respondents.*
01-01561, 00-07404; A121957
116 P3d 251

Judicial Review from Workers' Compensation Board.

David L. Runner for petition.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

* Wollheim, J., *vice* Leeson, J. pro tempore.

EDMONDS, P. J.

**EDMONDS, P. J.**

SAIF petitions for reconsideration of our opinion in this case. *Sprague v. United States Bakery,* 199 Or App 435, 112 P3d 362 (2005). According to SAIF, "[t]he error identified by the court in this case is harmless because the major contributing cause standard applies irrespective of whether claimant's condition is characterized as a 'consequential condition' or a 'combined condition.' " We allow reconsideration and adhere to our original opinion as modified.

We briefly restate the facts in this case to frame the issue properly. Claimant seeks reversal of a Workers' Compensation Board order upholding SAIF's denial of claimant's medical services claim for gastric bypass surgery that has already been performed. Claimant has a compensable knee condition that involves a 1976 knee injury and the development of arthritis. Claimant's knee condition now requires total knee replacement surgery. Claimant also has an obesity condition. Claimant needed to lose a significant amount of weight in order for the knee replacement surgery to be successful. Consequently, he underwent a gastric bypass to treat his obesity and, ultimately, his knee condition.

The issue is whether the medical services for the gastric bypass are compensable under ORS 656.245(1)(a).

ORS 656.245(1)(a) provides:

"For every compensable injury, the insurer or self insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of recovery requires, subject to the limitations of ORS 656.225, including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or self-insured employer shall cause to be provided only those medical services directed to medical opinions caused in major part by the injury."

To resolve the issue, we were required to determine whether the first or second sentence of ORS 656.245(1)(a)

applies to claimant's circumstances. The board held that the second sentence applies because "the claim is best characterized as a claim for medical services for a consequential condition." We disagreed with the board's statement, relying, in part, on our holding in *Fred Meyer, Inc. v. Crompton*, 150 Or App 531, 536, 946 P2d 1171 (1997). We then concluded that whether the gastric bypass was a medical service for a condition that was caused in material part by the accepted knee condition was a determination that the board needed to make on remand. In its petition for reconsideration, SAIF posits that "[g]iven the court's conclusion that claimant's condition is a 'combined condition,' it should follow that the second sentence of ORS 656.245(1)(a) applies despite what the court determined was an error by the board in characterizing claimant's condition as a consequential condition." We grant reconsideration to explain more adequately how we understand the statute to apply to claimant's claim.

The first sentence in ORS 656.245(1)(a) begins with the phrase, "For every compensable injury." For purposes of application to claimant's circumstances, that phrase refers to the torn meniscus that claimant suffered while working for SAIF's insured. The next clause in the first sentence of the statute places the responsibility on employers and insurers to pay for medical services for "conditions" caused in material part by the "injury." With regard to claimant's claim, the word "conditions" in the phrase refers to claimant's knee condition, *i.e.*, the need for a total knee replacement. The same word could also refer to claimant's obesity condition if he is able to satisfy the other requirements of the sentence. The word "injury" in that phrase refers again to claimant's torn meniscus.

The second sentence in the statute begins with the words, "In addition." Significantly, the legislature did not create an exception to the first sentence by the use of the second sentence, as SAIF's argument apparently assumes. Rather, when the words "in addition" are given their ordinary meaning, they connote categories of conditions that are added to the responsibility of employers and insurers to pay for medical services that result in material part from work-related injuries. The next words in the second sentence help define the additional categories of conditions for which the added

responsibility exists. For consequential and combined conditions, employers and insurers are responsible for medical services directed to medical conditions caused in major part by the compensable injury. "Consequential" and "combined" conditions are words of legal art and are defined by ORS 656.005(7)(a). Significantly, the two categories are qualified categories. Both categories require that the compensable injury be the major contributing cause of the condition before medical services directed to them are compensable.

The board reasoned that claimant's gastric condition was a consequential condition because the gastric bypass surgery was performed in part to treat claimant's obesity and in part to treat his knee condition. We understand that reasoning to implicate, in the board's view, an application of the second sentence of ORS 656.245(1)(a). But claimant does not seek to hold SAIF responsible for the medical services based on a contention that his obesity condition is a combined or consequential condition, and to the extent that our former opinion implies otherwise, we withdraw any language that expresses that inference. Rather, claimant's claim is for medical services to treat claimant's obesity condition, treatment that is arguably a necessary prelude to treat his knee condition that already has been determined to be compensable.

To summarize, we read the two sentences in ORS 656.245(1)(a) to mean the following: They describe three categories of conditions for which medical expenses are compensable. In the first category, employers and insurers are responsible for medical services for conditions caused in material part by the compensable injury. In the second and third categories, they are also responsible for medical services for consequential and combined conditions so long as the medical services are caused in major part by the compensable injury. The second sentence of the statute does not apply to claimant's circumstances because claimant's obesity is neither a combined condition nor a consequential condition as defined by ORS 656.005(7)(a).[1] That is why we said in our former opinion that, on remand, the board must consider whether claimant's medical services claim was for a condition

---

[1] In fact, in a separate order the board rejected claimant's arguments that the obesity was a combined condition.

(claimant's obesity) that was caused in material part by his compensable injury. It is also why SAIF's harmless error argument based on the second sentence of the statute is misplaced. It may be that the board will ultimately conclude that the medical services were not for a condition that was "caused in material part" by his compensable condition, but it must make that determination without conflating the requirements of the two sentences in the statute.

Reconsideration allowed; former opinion modified and adhered to as modified.