Argued and submitted February 1, affirmed July 30, petition for review allowed
November 26, 2008 (345 Or 417)

In the Matter of the Compensation of
Edward G. Sprague, Claimant.

SAIF CORPORATION
and Jerry's Specialized Sales,
*Petitioners,*

*v.*

Edward G. SPRAGUE
and United States Bakery,
*Respondents.*

Workers' Compensation Board
00-07404, 01-01561; A133701

190 P3d 443

David L. Runner argued the cause for petitioners. With him on the reply brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Christopher Moore argued the cause for respondent Edward G. Sprague. With him on the brief was Malagon, Moore & Jensen.

E. Jay Perry argued the cause and filed the brief for respondent United States Bakery.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

EDMONDS, P. J.

Brewer, C. J., concurring.

**EDMONDS, P. J.**

Jerry's Specialized Sales (employer) and its insurer, SAIF, seek judicial review after the Workers' Compensation Board allowed claimant's claim for medical services under ORS 656.245(1) following our remand to the board for reconsideration. *Sprague v. United States Bakery*, 199 Or App 435, 112 P3d 363, *modified on recons*, 200 Or App 569, 116 P3d 251 (2005), *rev den*, 340 Or 157 (2006). On review, we affirm.

This case is about the compensability of medical expenses and whether the first sentence or the second sentence of ORS 656.245(1)(a) applies to claimant's circumstances where the board found that his obesity condition required gastric surgery in order that claimant could lose weight so that his knee condition could be treated successfully by a knee replacement procedure. The statute provides,

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires, subject to the limitations in ORS 656.225, including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or the self-insured employer shall cause to be provided only those medical services directed to medical conditions caused in major part by the injury."

The essential facts in this case are not controverted. Claimant compensably injured his left knee in 1976 while working for SAIF's insured. He weighed 225 pounds at the time of the injury. Claimant began gaining weight after his 1976 injury. By January 1996, he weighed 320 pounds, and his physicians were considering a surgical approach to bring his weight under control. In 1998, his left knee became symptomatic once again. In February 1999, claimant suffered a second injury to his knee while working for United States Bakery. That employer accepted claimant's new injury as compensable. In December 2000, SAIF issued a modified acceptance, noting that in addition to its previous acceptance

of claimant's 1976 knee injury, it was also accepting "arthritis of the lateral compartment, left knee." In 2001, when claimant weighed 350 pounds, gastric bypass surgery was performed.

Claimant filed a workers' compensation claim for the medical expenses incurred as a result of the surgery. He contended before the board that the surgical expenses were compensable because his current knee condition could not be treated successfully without claimant losing 100 to 150 pounds. In claimant's view, it was necessary to first treat his morbid obesity as part of the treatment of his knee condition. SAIF countered that the claim for medical services for the gastric bypass surgery was not compensable because claimant's obesity was not caused by the 1976 knee injury.

As we observed in our initial opinion, the board, in deciding the claim, found that claimant needed gastric surgery

> "*partly* because he needs knee replacement surgery and he must lose weight for the knee surgery to be successful. However, the gastric surgery was also performed *for the obesity*."

199 Or App at 439 (emphases in original). Based on its findings, the board concluded,

> "Although claimant has no accepted gastric condition, the bypass surgery was performed in part to treat his left knee condition (which is due largely to the 1976 work injury). Insofar as the surgery was performed to treat claimant's obesity and his left knee, we find that the claim is best characterized as a claim for medical services for a consequential condition. Therefore, under ORS 656.245(1)(a), claimant must prove that his compensable knee injury was the major contributing cause of his need for gastric surgery. That means that he must establish that his work injury (or injuries) contributed more to his need for gastric surgery than all other causes combined."

(Footnotes and record citations omitted.)

Claimant sought judicial review in this court, arguing that the board erred by applying the major contributing cause standard in the second sentence of the statute instead

of the material contributing cause standard in the first sentence of the statute. Claimant's primary argument on judicial review was that the gastric bypass surgery was compensable as medical treatment for his current knee condition under the first sentence in ORS 656.245(1)(a). SAIF responded that, because claimant's current knee condition was a consequential condition, the board correctly decided the compensability of the gastric surgery under the second sentence in the statute. Consequently, based on how the parties had framed the issue, the threshold issue on judicial review was whether the gastric surgery expenses were compensable under the first sentence of the statute to treat a condition that had been caused in material part by a "compensable injury" or whether the board had correctly ruled that the second sentence of the statute governed claimant's claim.

The parties' arguments required us to discern the intent of the legislature regarding the meaning of the two sentences in ORS 656.245(1)(a) as applied to the circumstances of claimant's claim. We disagreed with the board's reasoning that the claim was "best characterized as a claim for medical services for a consequential condition." As we perceived the issue, it was whether the treatment of a noncompensable condition during the course of treatment for a compensable condition is compensable. We explained, "The statutory definition of a 'consequential condition' is not satisfied, as the board reasoned, simply because the gastric bypass surgery was performed, in part, to treat claimant's obesity and, in part, to treat his knee condition." 199 Or App at 440. We also observed that "it could be that the treatment of claimant's obesity, a noncompensable condition, is a necessary prelude to the treatment of his compensable knee condition." *Id.* We concluded,

> "The evidence underlying this claim is that the 1976 knee injury and the development of arthritis in that knee constitute an accepted *combined* condition that now requires total knee replacement surgery. The issue on remand under ORS 6[56].245(1)(a) is whether the gastric bypass is a medical service for a condition that was 'caused in material part' *by the accepted knee condition.*"

*Id.* at 440-41 (first emphasis in original; second emphasis added).

SAIF sought reconsideration of our holding. On reconsideration, SAIF argued that "the error identified by the court in this case is harmless because the major contributing cause standard applies irrespective of whether claimant's condition is characterized as a 'consequential condition' or a 'combined condition.'" 200 Or App at 571. In other words, we understood SAIF's argument on reconsideration to be that we had erroneously remanded for reconsideration based on the board's characterization of the claim for medical services as a consequential condition, when, in fact, claimant's knee condition was a combined condition and both combined and consequential conditions were governed by the second sentence in the statute. We granted reconsideration to further explain our reasoning.

On reconsideration, we again identified the issue as whether the first or the second sentence of ORS 656.245(1)(a) applied to claimant's circumstances. We also explained that, in our view, the board had erred when it held that "the claim is best characterized as a claim for medical services for a consequential condition[,]" and we reiterated our reasoning as described above. 200 Or App at 572. We then stated, "We grant reconsideration to explain more adequately how we understand the statute to apply to claimant's claim." *Id.*

Our explanation was based on the wording of the first and second sentences of ORS 656.245(1)(a). How those sentences applied to claimant's circumstances was influenced by our observations that SAIF had previously accepted claimant's arthritic knee condition as compensable, that SAIF did not appear to argue that claimant's current knee condition was not compensable, and that the board had found that treatment of the current knee condition also required treatment of claimant's obesity condition. Indeed, the board had found that the "bypass surgery was performed in part to treat his left knee condition (which is due largely to the 1976 work injury)." (Footnote omitted.)

Both sentences in ORS 656.245(1)(a) begin with a predicate. The predicate to furnishing medical services in the first sentence is that there must be a "compensable injury." The first sentence does not require that the "conditions" to be treated be compensable. Rather than require that the conditions to be treated be compensable, the first sentence of the

statute requires that the conditions must be "caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires, subject to the limitations in ORS 656.225."[1] In other words, the first sentence expresses a legislative purpose to treat conditions that are the result of a compensable claim. Here, both claimant's 1976 knee injury and his arthritic knee condition were compensable, and the board had already found that the surgery was performed in part to treat his current condition, a condition due "largely" to the 1976 work injury.

We also considered the language of the second sentence to assess whether claimant's circumstances fit better into the first sentence or the second sentence. In contrast to the first sentence, the predicate to the furnishing of medical services in the second sentence begins with the words, "In addition, for consequential and combined conditions described in ORS 656.005(7)[.]" ORS 656.005(7)(a)(A) provides that "[n]o injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition." ORS 656.005(7)(a)(B) provides that, if an otherwise compensable injury combines at any time with a preexisting condition, the combined condition "is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition." In other words, under the second sentence of ORS 656.245(1)(a), the employer or insurer is required to provide *only* those medical services directed to medical conditions caused in major part by the compensable injury. Under the second sentence, when an employer disputes the current compensability of a previously accepted consequential or combined condition, the second sentence provides for responsibility for medical services only if the services are directed to a medical condition caused in major part by the compensable injury.[2] But here, the board had already found that the bypass surgery was performed in part to treat claimant's current knee

---

[1] SAIF has not contended that the limitations in ORS 656.225 apply.

[2] *See, e.g.,* ORS 656.268(1)(b) (authorizing the closure of a claim when the accepted condition is no longer the major contributing cause of a consequential or combined condition).

condition, a condition "due largely to the 1976 compensable work injury," and employer did not contend on judicial review that claimant's current knee condition was not compensable.

Finally, we took into consideration the role that claimant's morbid obesity played in the calculus. Claimant's argument regarding his obesity condition framed the issue of whether the treatment of a noncompensable condition is compensable when the treatment of the noncompensable condition is a necessary prerequisite to the successful treatment of a compensable condition. We did not understand claimant to argue that his morbid obesity was a compensable condition. Rather, claimant's argument amounted to an argument that the treatment of his obesity condition was a necessary part of a course of treatment for his compensable knee condition and, under that theory, the compensability of the obesity condition was not a prerequisite to its treatment. Claimant's argument found support in the language of the first sentence of the statute because the first sentence refers only to "conditions" and not "compensable conditions."

For all of the above reasons, we concluded that the applicable standard to apply to claimant's claim for medical services was the "material cause" standard in the first sentence in ORS 656.245(1)(a) rather than the major contributing cause standard in the second sentence.[3] Because the

---

[3] The concurrence suggests that the second sentence in ORS 656.245(1)(a) governs the circumstances of this case rather than the first sentence. The analysis made by the concurrence is a plausible interpretation of the statute that was rejected by this court in its prior opinions, primarily because of the redundancy that such an interpretation would have created between the two sentences in the statute. The first sentence in the statute provides in substance that medical services are compensable for conditions caused in material part by compensable injuries. The legislature did not otherwise qualify the word "condition" in the sentence. Thus, if a claimant suffered a broken leg as the result of a work-related fall, medical services to treat the broken leg would be compensable under the first sentence of ORS 656.245(1), because the condition was caused in material part by the compensable injury. Similarly, if a claimant suffered a broken leg that combined with pre-existing arthritis, and the employer accepted the combined condition, it would be redundant to require a claimant to prove that the major contributing cause of the accepted condition was the compensable injury when that issue had been previously conceded by the acceptance of the condition as compensable. That understanding applies to claimant's current condition. Whether claimant's current knee condition is compensable as the result of his 1976 work-related injury and his December 29, 2000, accepted arthritic knee condition has never been challenged by SAIF in the proceedings before this court, and that fact led this court to treat claimant's claim for medical services under the first rather than the second sentence of the statute to avoid a redundancy.

board had failed to consider claimant's argument under the first sentence of the statute initially, we directed it to consider that issue on remand. To assist in the determination of that narrow issue on remand, we elaborated in our opinion on reconsideration regarding how the word "conditions" in the first sentence of the statute might apply to claimant's circumstances. We explained,

"The first sentence in ORS 656.245(1)(a) begins with the phrase, 'For every compensable injury.' For purposes of application to claimant's circumstances, that phrase refers to the torn meniscus that claimant suffered while working for SAIF's insured. The next clause in the first sentence of the statute places the responsibility on employers and insurers to pay for medical services for 'conditions' caused in material part by the 'injury.' *With regard to claimant's claim, the word 'conditions' in the phrase refers to claimant's knee condition, i.e., the need for a total knee replacement. The same word could also refer to claimant's obesity condition if he is able to satisfy the other requirements of the sentence.* The word 'injury' in that phrase refers again to claimant's torn meniscus."

200 Or App at 572 (emphasis added). By our statement that the word "conditions" could apply to claimant's obesity condition, we did not intend to mandate that the board consider the compensability of that condition; rather, because the board had not considered claimant's claim under the first sentence of the statute, we did not wish to preempt the scope of its consideration in any respect.

Later in our opinion on reconsideration, we emphasized that "claimant does not seek to hold SAIF responsible for the medical services based on a contention that his obesity condition is a combined or consequential condition, and to the extent that our former opinion implies otherwise, we withdraw any language that expresses that inference." 200 Or App at 573. Rather, we observed that claimant's claim is for treatment that "is arguably a necessary prelude to treat his knee condition that already has been determined to be compensable." *Id.* In that context, we concluded,

"The second sentence of the statute does not apply to claimant's circumstances because claimant's obesity is neither a combined condition nor a consequential condition as

defined by ORS 656.005(7)(a). That is why we said in our former opinion that, on remand, the board must consider whether claimant's medical services claim was for a condition (claimant's obesity) that was caused in material part by his compensable injury. It is also why SAIF's harmless error argument based on the second sentence of the statute is misplaced. It may be that the board will ultimately conclude that the medical services were not for a condition that was 'caused in material part' by his compensable condition, but it must make that determination without conflating the requirements of the two sentences in the statute."

200 Or App at 573-74. In other words, we held that, if the board found that treatment of the obesity condition was necessary to successfully treat a condition caused in material part by the compensable injury, then the expenses for treatment of the obesity condition could be compensable under the first sentence of the statute.

SAIF sought review of our opinion on reconsideration to the Supreme Court, and review was denied. *Sprague v. United States Bakery*, 340 Or 157, 130 P3d 786 (2006). On remand, the board ruled in favor of claimant, concluding that his medical services claim was compensable. On review from that ruling, SAIF frames two issues:

"1.   Did the board fail on remand to follow the court's mandate that it address whether claimant's obesity condition was 'caused in material part' by his original compensable injury within the meaning of ORS 656.245(1)(a)?

"2.   Did the board fail to apply the correct legal meaning of the phrase 'caused in material part' in ORS 656.245(1)(a) by failing to address whether the original injury was a 'fact of consequence' in the cause of claimant's obesity condition?"

We turn to the parties' arguments, confining our initial discussion to the first issue framed by SAIF. SAIF argues that, in light of our prior holding, "[t]he only way for claimant to establish the compensability of his gastric bypass surgery * * * is to prove * * * that the original compensable injury of a torn meniscus was a material cause of the obesity condition being treated." According to SAIF, the issue that the board should have addressed on remand is "whether the original meniscus tear—independent of the surgery and development

of consequential degenerative arthritis—was a material cause of claimant's obesity condition." In SAIF's view, the board, instead, decided incorrectly whether claimant's 1976 knee injury was a "contributing cause of his need for gastric bypass surgery."

Respondents, claimant and United States Bakery (claimant's employer in 1999 when claimant suffered a second injury to his left knee), counter that the board considered and decided the correct issue on remand and that employer misunderstands our opinion on reconsideration and the board's reasoning in response to it.[4] According to respondents, the issue has never been the compensability of claimant's obesity condition or whether his 1976 knee injury was a material contributing cause of his obesity condition. Rather, the issue has always been whether the treatment of claimant's obesity condition was a necessary prerequisite to the treatment of his knee condition. In respondents' view, the board, in fact, decided that issue but it also decided unnecessarily whether claimant's obesity was caused in material part by his compensable left knee injury.[5]

To resolve the issue framed by the parties' arguments requires us to assess whether the board decided the issue for which the remand occurred—whether the medical expenses to treat claimant's obesity condition are compensable because it was necessary to treat his obesity condition for his knee replacement procedure to be successful. The board initially recited the procedural circumstances that led to the remand and then stated,

"Reasoning that claimant's medical services claim was best characterized as one for a consequential condition, we

---

[4] United States Bakery is an interested party because the issue of responsibility may arise if the surgery is deemed compensable.

[5] The board on remand also expressed concern about parts of our opinion on reconsideration. Board Member Langer suggested,

"I respectfully submit, however, that the relationship between claimant's obesity and his compensable injury the court directed us to address on remand is irrevelant. * * * Accordingly, the issue in this case should be limited to claimant's medical services claim under ORS 656.245 for gastric bypass surgery alleged to be compensably related to his compensable knee condition. His obesity claim is not compensable pursuant to our final Own Motion order from which claimant did not appeal."

found that claimant's surgery was performed for his non-compensable obesity and, therefore, the compensable knee injury was not the major contributing cause of the need for gastric surgery. *See* ORS 656.245(1)(a). Disagreeing with our 'consequential condition' characterization of claimant's medical services claim, the court has remanded for a determination whether, under ORS 656.245(1)(a), the gastric bypass is a medical service for a condition that was 'caused in material part' by the accepted condition."

Under the heading of "FINDINGS OF FACT," the board then adopted the administrative law judge's findings and found that "[c]laimant's compensable 1976 left knee injury was a material cause of his need for gastric bypass surgery." Under the heading of "CONCLUSIONS OF LAW AND OPINION," the board summarized the pertinent historical facts, including a reference in footnote 1 of its opinion to ORS 656.225, which provides, in part, "In accepted injury or occupational disease claims, disability solely caused by or medical services solely directed to a worker's preexisting condition are not compensable[.]" That reference was followed by footnote 2 in the opinion in which the board stated, "As we explain herein, the medical evidence indicates that claimant's 1976 left knee injury *did* contribute to his need for gastric surgery. Because claimant's obesity was not the *sole* cause of his need for surgery, the statute [ORS 656.225] does not apply." (Emphases in original.)

The board proceeded in its opinion to make the following analysis:

"The issue on remand is whether claimant's medical services claim was for a condition (claimant's obesity) that was caused in material part by his compensable left knee 1976 injury. 200 Or App at 573-74. Based on the following reasoning, we conclude that it was.

"A 'material contributing cause' is a substantial cause, but not necessarily the sole cause or even the most significant cause. *See Van Blokland v. Oregon Health Sciences University*, 87 Or App 694, 698[, 743 P2d 1136] (1987); *Summit v. Weyerhaeuser Co.*, 25 Or App 851, 856[, 551 P2d 490] (1976) ('material contributing cause' means something

more than a minimal cause; it need not be the sole or primary cause, but only the precipitating factor); *Wanda Rockwell*, 58 Van Natta 1247 (2006).

"Here, the undisputed medical evidence establishes that claimant's obesity is due largely to a genetic predisposition. (*See* Ex. 25). However, Dr. Flanagan, claimant's gastric surgeon, *also* related claimant's need for gastric surgery to his compensable knee condition.[4] In this regard, Dr. Flanagan opined that:

" 'Considering all the conditions contributing to [claimant's] need for gastric bypass procedure, * * * the major contributing cause of his need for surgery and treatment for his morbid obesity in April of 2000 was his left knee condition in April 2000 that was making it improbable that he could continue working.' (Ex. 36-1).[5]

"Dr. Walton agreed with Dr. Flanagan. (Exs. 38, 39). In addition, Dr. James opined that gastric surgery was 'a well indicated and reasonable treatment for [claimant's] left knee condition.' (Ex. 35). These opinions are unrebutted.[6]

"Accordingly, based on this evidence, we find that claimant's compensable left knee injury was a material cause of his need for gastric bypass surgery. Consequently, claimant's medical services claim is compensable.

---

"[4] SAIF asserts that no doctor has opined that claimant's obesity was due in material part to his left knee injury, based on Dr. Flanagan's unchallenged opinion that claimant was genetically predisposed to be obese. SAIF also argues that claimant's need for gastric bypass surgery 'cannot properly be attributed to the compensable knee injury on any legal theory,' because claimant should have had the surgery years ago. (Reply Brief, p 3). We disagree with both arguments.

"First, as we explain herein, Dr. Flanagan's opinion establishes that claimant's compensable left knee condition *did* contribute to his obesity. Moreover, the fact that gastric surgery was considered in 1996 does not mean that the 1976 injury did *not* contribute to the need for surgery in 2000.

"[5] Dr. Flanagan explained that claimant's obesity was complicated by several 'comorbid' conditions, including his

knee arthritis, noting that claimant 'can no longer exercise which has limited his ability to control his weight.' (Ex. 25-2-3).

"[6] Dr. Flanagan answered 'yes' to the question, 'Is it medically probable that there has been some contribution between [claimant's] knee condition and his morbid obesity (that is to say, has the morbid obesity contributed at least to some degree to his arthritic condition and/or is it medically probable that this knee condition and reduced mobility has contributed to his morbid obesity)?' (Ex. 41). SAIF argues that the doctor's answer to this 'compound question' does not necessarily support a conclusion that the knee condition contributed to the obesity. We acknowledge the ambiguity in the answer to this particular question. Nonetheless, because Dr. Flanagan's persuasive statements otherwise establish that the compensable knee condition materially contributed to claimant's obesity, we consider the doctor's opinion as a whole sufficient to satisfy the statutory compensability standard for this medical services claim."

(Emphases in original.)

We think that it is clear from the board's opinion that it complied with the mandate of our remand, given the narrow issue that we framed. Respondents are correct that it was unnecessary for the board to consider whether claimant's 1976 knee injury caused his morbid obesity once it determined that claimant's current knee condition was caused in material part by the 1976 compensable knee injury. Indeed, we did not intend our opinion to direct the board to consider any particular relationship between any of claimant's conditions and his compensable injury. Moreover, SAIF is incorrect when it argues that the only way in which the gastric surgery expenses could be held to be compensable is if claimant's knee injury caused his obesity condition. Rather, as we held in both of our opinions, treatment of a noncompensable condition is compensable under the first sentence in ORS 656.245(1)(a) if the treatment of the noncompensable condition is necessary to the treatment of a condition materially caused by the compensable injury. Finally, the fact that the board undertook an additional analysis regarding the relationship between the compensable knee injury and claimant's obesity condition does not detract from its evaluation of the relationship between the compensable

knee injury and claimant's current knee condition.[6] In other words, we conclude that the board complied with what we directed it to do on remand.

The second issue framed by employer implicates our decision in *Mize v. Comcast Corp-AT&T Broadband*, 208 Or App 563, 145 P3d 315 (2006). In that case, the board reasoned that a doctor's opinion was legally insufficient to establish that the work injury was a material cause of the claimant's need for medical services under ORS 656.245(1)(a). Rather, the statute, in the board's view, required the claimant to prove that his need for medical services resulted from something more than a "minor contribution" to his current condition by his compensable injury. We disagreed with the board's reasoning that the legislature intended the word "material" to exclude a "minor" contribution to a current condition by a compensable injury. Rather, we concluded that, although a "minor" cause may be less important than a "major" cause, a minor cause can nonetheless be a "fact of consequence" in the chain of causation between the compensable injury and the resultant condition and thus result in the medical services being compensable. It followed that the inquiry that the board should have made in *Mize* was whether the claimant's work-related injury was "a fact of consequence to his need for medical services." 208 Or App at 571.

SAIF, based on our holding in *Mize*, argues that the board erred by failing to address whether claimant's 1976 knee injury was a "fact of consequence" regarding his need for

---

[6] *Cf. SAIF v. Martinez*, 219 Or App 184,182 P3d 873 (2008). In *Martinez*, the claimant sought compensability for surgery for a condition that was not encompassed within the accepted claim. Also, the claimant had not requested acceptance of the condition as a new or omitted claim. However, the claimant argued that the surgery was compensable because it was directed, in part, at the claimant's current knee condition, which claimant contended was materially related to his work-related injury. In particular, the claimant contended that he needed additional surgery to treat a condition that, according to his doctor, was likely the result of the impact of his work-related fall but had not previously been observed during a prior surgery. SAIF argued on review that it was not responsible for the requested surgery because responsibility for medical services under ORS 656.245 is limited to medical services for accepted conditions. We rejected SAIF's argument and concluded that "to establish the compensability of a medical treatment under ORS 656.245(1)(a), the condition for which treatment is sought need not be the accepted condition; however, the treatment must be necessitated in material part by the 'compensable injury,' which we said, in *Sprague*, is the condition previously accepted." 219 Or App at 191.

gastric surgery. Respondents counter that *Mize* was decided a month after the board decided this case on remand, and therefore, the board could not have been aware of our holding in that case. Nevertheless, in respondents' view, the board properly understood and applied the proper standard, even though it did not phrase its reasoning in terms of a "fact of consequence" in its opinion.

We agree with respondents' argument for two reasons. First, the board's opinion as a whole indicates that it considered and used the proper definition of the word "material" in its analysis. Second, the board would have believed at the time of its decision in this case that a "minor" contributing cause could not constitute a "material" contributing cause as a matter of law because *Mize* had yet to be decided. Yet, the board found the gastric surgery to be a compensable medical service for the knee condition caused by the 1976 injury. The implication of the board's finding under its understanding of the law at the time was that the 1976 injury must have been more than a minor cause of claimant's need for gastric surgery. Implicit in that finding is that the 1976 injury was also a fact of consequence in claimant's need for gastric surgery. Accordingly, we reject SAIF's second claim of error.

Affirmed.

**BREWER, C. J.,** concurring.

I agree with the majority's holding in this case, but for a different reason. ORS 656.245(1)(a) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires, subject to the limitations in ORS 656.225, including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or the self-insured employer shall cause to be provided only those medical services directed to medical conditions caused in major part by the injury."

The majority explains that the board reached the correct result on remand in this case by applying the material contributing cause standard of proof in determining whether claimant's gastric bypass surgery is a compensable treatment for his arthritic knee condition. The majority bases its conclusion primarily on its interpretation of the first sentence of ORS 656.245(1)(a). I disagree with the majority's analysis because, in my view, it overlooks the remainder of ORS 656.245(1)(a), as well as the circumstances of this case. To reiterate those circumstances in a way that is consonant with the terms of the statute: The "compensable injury" or "injury" to which the statute applies is claimant's 1976 meniscal tear. As the board held in its first order, claimant's current arthritic knee condition is a "consequential condition," because the arthritis developed as a consequence of claimant's compensable 1976 injury. The "medical service" for which claimant seeks recovery is gastric bypass surgery. That medical service is directed in part to the treatment of claimant's consequential arthritic knee condition, which is a "medical condition" within the meaning of the second sentence of subsection (1)(a).

The first sentence of ORS 656.245(1)(a) generally governs the compensability of medical services for a condition caused by a compensable injury. For medical services to which that sentence applies, the material causation standard applies to the relationship between the condition requiring treatment and the compensable injury. The first sentence of the statute does not require that the condition being treated be an accepted, compensable condition, as long as the treatment of the condition is necessitated in material part by the compensable injury. *See, e.g., SAIF v. Martinez*, 219 Or App 182, 191, 182 P3d 873 (2008) ("[T]o establish the compensability of a medical treatment under ORS 656.245(1)(a), the condition for which treatment is sought need not be the accepted condition; however, the treatment must be necessitated in material part by the 'compensable injury,' which, as we said in *Sprague* [*v. United States Bakery*, 200 Or App 569, 116 P3d 251 (2005), *rev den*, 340 Or 157 (2006)], is the condition previously accepted."). Thus, it is possible, under the first sentence of the statute, for a noncompensable condition to be subject to medical treatment, if the condition is caused

in material part by the compensable injury. In this case, as the majority opinion clarifies, the condition for which the treatment is sought is the arthritic knee condition—not claimant's obesity. The arthritic knee condition is a compensable condition; however, it is also a consequential condition.

The second sentence of ORS 656.245(1)(a) addresses a more particular subset of circumstances from those addressed in the first sentence, namely, the compensability of medical services in claims for combined or consequential conditions. For such claims, the major contributing cause standard applies to the relationship between the medical condition requiring treatment and the compensable injury. The compensability of the pertinent medical service depends on whether it is directed to a medical condition caused in major part by the compensable injury. Here, because the claim is for a consequential condition—claimant's arthritic knee—I would conclude that the second sentence of subsection (1)(a) governs. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (in examining the text and context of a statute, the court considers the principles that "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all," ORS 174.010, and that "a particular intent controls a general intent that is inconsistent with it," ORS 174.020). And, because the pertinent medical condition for which medical services are sought—also claimant's current arthritic knee condition—must have been caused in major part by claimant's compensable injury, in my view, the board correctly analyzed the matter in its first order in this case by requiring proof that claimant's 1976 knee injury is the major contributing cause of his current arthritic knee condition.

The majority's interpretation limits the scope of the second sentence of subsection (1)(a) to *disputed* consequential or combined conditions. *See* 221 Or App at 420 ("But here, the board had already found that the [gastric] bypass surgery was performed in part to treat claimant's current knee condition, a condition 'due largely to the 1976 compensable work injury,' and employer did not contend on judicial review that claimant's current knee condition was not compensable[.]"). The majority reasons:

"Whether claimant's current knee condition is compensable as the result of his 1976 work-related injury and his December 29, 2000, accepted arthritic knee condition has never been challenged by SAIF in the proceedings before this court, and that fact led this court to treat claimant's claim for medical services under the first rather than the second sentence of the statute to avoid a redundancy."

221 Or App at 420 n 3. Contrary to the majority's premise, though, the statute makes no distinction between consequential condition claims that have been accepted and claims that are disputed. In any claim for a combined or consequential condition—whether or not the claim is disputed—only medical services directed at medical conditions caused in major part by the compensable injury are compensable. In my view, the majority mistakenly applies the lesser, material contributing cause, standard of proof to determine the compensability of medical services in the context of claimant's consequential medical condition claim, contrary to the text of ORS 656.245(1)(a).

It is possible that the majority's understanding of the statute is premised on the view that employer, having failed to challenge the continuing compensability of claimant's consequential arthritic knee condition, should be precluded from challenging the compensability of medical services for that condition.[1] However, that issue is not before us, and it does not inform the proper construction of the statute.

In the abstract, a proper resolution of this case might be to conclude, contrary to our first two opinions in this case and to the current majority opinion, that the correct standard of proof in determining the compensability of medical services for claimant's arthritic knee is the major contributing cause standard and to reinstate the first board order. However, the foregoing concerns notwithstanding, I would not

---

[1] In general, the doctrine of issue preclusion applies to workers' compensation cases. *Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990). Issue preclusion precludes future litigation on issues when they have been actually litigated and determined in a setting where the determination is essential to a final decision. It applies to issues of fact or law. *Id.* at 139-40. In workers' compensation cases, issue preclusion rules apply where they "facilitate prompt, orderly and fair problem resolution." *North Clackamas School Dist. v. White*, 305 Or 48, 52, 750 P2d 485, *modified on recons*, 305 Or 468, 752 P2d 1210 (1988).

take that step. First, the Supreme Court denied review of our opinion on reconsideration of our first decision, thereby suggesting—at least as one possibility—that it did not believe that our analysis was erroneous. What is more important, though, is that our previous decisions, even if incorrect, have become the law of the case. *See State v. Montez*, 324 Or 343, 347, 927 P2d 64 (1996), *cert den*, 520 US 1233 (1997). When a ruling has once been made in a particular case by an appellate court, although it may be overruled in another case, it is binding and conclusive in any further steps or proceedings in the same litigation and on the appellate court itself. *Id*. Even though "[t]he law of the case doctrine is essentially one of judicial economy and judicial discretion," *State v. Metz*, 162 Or App 448, 454, 986 P2d 714 (1999), *rev den*, 330 Or 331 (2000), and the rule "is generally not applied with the same rigor as [claim preclusion]," *Morley v. Morley*, 24 Or App 777, 781, 547 P2d 636 (1976), the complicated history of this case—including a remand in which the board attempted to follow our instructions with care—counsels against a late-stage shift in legal course.

My purpose in writing separately is to publish a word of caution that our first two opinions in this case may have erroneously analyzed claimant's current claim under the first sentence of ORS 656.245(1)(a), rather than as one for medical services for a consequential medical condition that is subject to analysis under the second sentence of that subsection.

I respectfully concur.