Argued and submitted January 19, affirmed May 18, 2016

In the Matter of the Compensation of
Kevinia L. Frazer, Claimant.

Kevinia L. FRAZER,
*Petitioner,*

*v.*

ENTERPRISE RENT-A-CAR CO.
OF OREGON,
*Respondent.*

Workers' Compensation Board
0902947; A156890

374 P3d 1003

Christine Jensen argued the cause and filed the briefs for petitioner.

Travis L. Terrall argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## SHORR, J.

This workers' compensation case is before us for a second time following our remand to the Workers' Compensation Board for further consideration in *Enterprise Rent-A-Car Co. of Oregon v. Frazer*, 252 Or App 726, 289 P3d 277 (2012), *rev den*, 353 Or 428 (2013) (*Frazer I*). On remand, the board determined that, based on our opinion in *Frazer I*, the only issue before it was to determine if the "parking lot" exception to the "going and coming" rule applied to this case such that claimant's injury would be compensable. On that issue, the board concluded that the parking lot exception did not apply because employer did not control, or have any right to control, the area of the parking lot where claimant fell and was injured, and, thus, the board affirmed employer's denial of claimant's workers' compensation claim. On review of that decision, claimant primarily argues that the board impermissibly narrowed the scope of its decision on remand, and requests that we remand the case to the board to determine whether her claim is compensable under the personal comfort doctrine or another exception to the going and coming rule. We conclude that the board did not err. Accordingly, we affirm.

We take the facts as summarized in *Frazer I*, which the parties accept in this review.

"Claimant was employed at employer's call center and regularly worked an eight-hour shift with paid morning and afternoon breaks, as well as a lunch break. Claimant, like other employees, was 'not allowed to stay in the work area while on break.' Instead, employees were free to leave the call center to get coffee or to run other errands nearby. Employer also provided two on-site break rooms with beverages and vending machines.

"Employer's call center is located in a 'strip' with multiple other businesses. Employer does not own or manage the parking lot associated with the 'strip,' but some spaces in the lot are designated for use by employer's customers and employees. A covered 'smoking hut' is located in the parking lot, approximately 100 feet from employer's front door. Employer does not own the structure, which is open to the public. Employer's employees could utilize that structure while on their breaks.

"In March 2009, claimant visited with coworkers at the smoking hut while she was on a 10- or 15-minute break. As claimant headed back to work through the parking lot, her shoe caught in a break in the pavement where a post had been removed and she fell, twisting her knee and ankle. An MRI revealed 'a complex tear of the lateral meniscus.' That injury did not respond to conservative treatment, and claimant eventually was referred for surgery.

"Employer's claims representative denied claimant's worker's compensation claim for a right-knee injury. An administrative law judge (ALJ) set aside that denial based on his determination that claimant's injury was compensable. Employer sought review before the board, which ruled—as pertinent here—that claimant's injury arose 'in the course of employment':

"'[W]e find that claimant's injury occurred within the period of employment (a paid break, during regular work hours), at a place where she reasonably was expected to be (returning from the break shelter, the use of which the employer had acquiesced to, via the normal route), and while she was doing something reasonably incidental to employment (on a paid break and checking the clock to make sure she was on time).'

"The board also determined that the other requirements for compensability were met and, accordingly, affirmed the ALJ's order. Employer petitioned for review to this court."

*Frazer I*, 252 Or App at 728-29.

To establish the compensability of her claim, claimant was required to show that her injury both arose out of and in the course of her employment. ORS 656.005(7)(a).[1] Those two prongs form the single "work-connection" test. *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526, 919 P2d 465 (1996). On review in *Frazer I*, employer challenged only the board's conclusion that claimant's injury occurred in the course of her employment. 252 Or App at 729.

We explained in *Frazer I* that the going and coming rule provides guidance when determining whether a

---

[1] ORS 656.005(7)(a) provides, in part, "[a] 'compensable injury' is an accidental injury *** arising out of and in the course of employment requiring medical services or resulting in disability or death[.]"

claimant's injury occurred in the course of employment. Under that general rule, "'injuries sustained while an employee is traveling to or from work do not occur in the course of employment and, consequently, are not compensable.'" *Id.* at 730 (quoting *Krushwitz*, 323 Or at 526). We further explained that we have applied that rule broadly "not only to injuries that occur before the workday begins and after it ends, but also when a claimant is injured while leaving the workplace for lunch or returning from a lunch break," and "when a claimant is injured while on a shorter break— even a paid break—away from work." *Id.* at 731. However, we have also held that the going and coming rule has no application at all when, "although the employee was injured while traveling to or from the workplace, the employee was still 'on duty' or otherwise subject to the employer's direction and control." *Id.*

We then rejected the board's determination in this case that the going and coming rule did not apply at all, relying on *Legacy Health Systems v. Noble*, 232 Or App 93, 221 P3d 180 (2009) (*Noble I*). In *Noble I*, the claimant had been injured in a parking lot, over which the employer had control, while on a paid 15-minute break. *Id.* at 95-96. We concluded that the parking lot *exception* to the going and coming rule applied to those facts, and, thus, also implicitly concluded that the going and coming rule applied. *Id.* at 99-100; *see also Frazer I*, 252 Or App at 733 (discussing *Noble I*).

Based on *Noble I* presenting materially indistinguishable facts, in *Frazer I*, we concluded that "the board's rationale for not applying the 'going and coming' rule does not withstand scrutiny." 252 Or App at 733. We further explained that the facts of this case must fall within the settled principle of the going and coming rule because "[c]laimant was away from her workplace on a regular break and she was not 'on duty' or otherwise subject to employer's direction or control."[2] *Id.* at 736. Because the going and

_____

[2] The dissent in *Frazer I* would have held that the board did not err in concluding that the going and coming rule did not apply, because the dissent would have analyzed the case using the "personal comfort" doctrine. 252 Or App at 744-45 (Wollheim, J., dissenting). Under the personal comfort doctrine, "[i]njuries that occur during an activity that is personal in nature are compensable if that

coming rule applied, we stated that "[i]t follows that claimant's injury did not arise in the course of her employment unless the circumstances under which she was injured fall within some exception to the rule." *Id.* We then reversed the board's decision but, because the board did "not address the employer's arguments that it did not exercise 'control' of the area where the injury occurred under the 'parking lot' exception to the 'going and coming' rule," we remanded "so the board can make that determination." *Id.* at 736-37.

On remand, the board requested supplemental briefing from the parties. Claimant argued that her injury was compensable based on a variety of theories, including that the going and coming rule did not apply and that several exceptions to that rule applied, including the parking lot exception, the personal comfort doctrine, the "special errand exception," and the "furtherance of the business of the employer exception." Employer argued that the board's task on remand was to determine if an exception to the going and coming rule applied, that the only exception at issue under the facts of this case was the parking lot exception, and that the parking lot exception did not apply because employer did not control the area where claimant was injured.

In its order on remand, the majority of the board interpreted its task as addressing the issue of "whether claimant's injury falls within the 'parking lot' exception to the 'going and coming' rule."[3] On that issue, the board concluded that the parking lot exception had not been satisfied because it found that employer did not control, or have any right to control, the area where claimant fell and was injured. In a footnote, the board also stated that,

---

activity bears some relationship to employment and is expressly or impliedly allowed by the employer." *Id.* at 746 (Wollheim, J., dissenting). Because employer required claimant to leave her work area on breaks and knew and acquiesced to employees using the smoking area, the dissent would have concluded that claimant did not leave work on a personal task and, thus, satisfied the "in the course of employment prong." *Id.* at 746-47 (Wollheim, J., dissenting).

[3] One member of the reviewing panel of the board dissented, reasoning that the board's scope of review on remand was not so narrow and included consideration of the personal comfort doctrine as an *exception* to the going and coming rule. The dissent would have concluded that claimant's injury occurred in the course of employment under the personal comfort doctrine and, thus, that claimant's injury was compensable.

"[t]o the extent claimant relies on the application of other exclusions and doctrines to determine compensability, * * * such arguments were not adequately raised in the prior proceedings. Thus, even if our scope of review on remand was not limited as previously described, we would decline to address such exceptions/doctrines for the first time on remand."

Accordingly, the board reversed the ALJ's decision and affirmed employer's denial of claimant's workers' compensation claim.

Claimant seeks review of the board's order on remand, raising two assignments of error. In the first assignment, claimant argues that the board erred in limiting its inquiry to the parking lot exception, arguing that the board had an independent responsibility to determine if any other exception or other aspect of workers' compensation law applied. In the second assignment, claimant asserts that her injury was compensable because she was following the direction of her employer to take her mandated break away from her work station, which is a related circumstance to other situations that have become exceptions to the going and coming rule.

We conclude that the board did not err in limiting its task on remand following *Frazer I*. In *Frazer I*, we held that the board had legally erred when it concluded that the going and coming rule did not apply in this case when the facts that the board relied on for its decision were materially indistinguishable from the facts in *Noble I*. We also held that claimant's injury was not compensable unless "the circumstances under which she was injured fall within some exception to the [going and coming] rule." *Frazer I*, 252 Or App at 736. Based on that decision, we reversed and remanded to the board for reconsideration of its decision.

We also provided the board with explanations relating to our remand in two respects. The first was in our opening paragraph explaining that, because the board did not apply the going and coming rule, "it also did not determine whether any exceptions to that rule applied in a way that would result in claimant's injury being compensable despite the fact that it occurred while she was returning to her place of employment from a break" and reversing and remanding

"so the board may consider that question." *Id.* at 728. We also explained in conclusion that, because the board did "not address the employer's arguments that it did not exercise 'control' of the area where the injury occurred under the 'parking lot' exception to the 'going and coming' rule," we remanded "so the board can make that determination." *Id.* at 736-37.

The board could properly have read those two instructions to limit the board's consideration to the application of any *exceptions* to the going and coming rule. Generally, our remand to an agency is without specific instructions so as not to invade the province of the agency on remand. *Gearhart v. PUC*, 356 Or 216, 234, 339 P3d 904 (2014). However, here, we specifically directed the board in *Frazer I* to apply any exceptions to the going and coming rule, thus the board's scope of review on remand was so limited. *Compare Sprague v. United States Bakery*, 199 Or App 435, 440, 112 P3d 362, *adh'd to on recons*, 200 Or App 569, 116 P3d 251 (2005), *rev den*, 340 Or 157 (2006) (remanding for board to decide single issue), *with SAIF v. Sprague*, 221 Or App 413, 426, 190 P3d 443 (2008), *aff'd on other grounds*, 346 Or 661, 217 P3d 644 (2009) (concluding that the board "complied with the mandate of our remand, given the narrow issue that we framed"); *see also, e.g., SAIF v. Stephen*, 308 Or 41, 43, 774 P2d 1103 (1989) (remanding for workers' compensation board to make specific findings).[4]

Until our remand to the board, the only exception to the going and coming rule put at issue by either claimant or employer was the parking lot exception. As a result, the board could limit its task on remand to addressing the parking lot exception to the going and coming rule and could properly decline to review any arguments that claimant did not make before the remand from *Frazer I. See Fred Meyer Stores v. Godfrey*, 218 Or App 496, 501-02, 180 P3d 98 (2008) (implicit within board's statutory grant of authority "is the authority to determine what circumstances will suffice to

---

[4] As we recently clarified in *U.S. Bank v. Pohrman*, 272 Or App 31, 47, 354 P3d 722, *rev den*, 358 Or 70 (2015), the personal comfort doctrine is *not* an exception to the going and coming rule, but, rather, is an antecedent consideration to the going and coming rule.

preserve an issue before the board"). Accordingly, the board did not err when it limited its scope of review on remand following *Frazer I*.

Finally, to the extent that claimant challenges the board's application of the parking lot exception to this case, we reject that challenge. Under the parking lot exception, "[a]n injury sustained on premises controlled by the employer while an employee is coming to or going from work occurs within the 'course of employment.'" *Noble I*, 232 Or App at 99 (citing *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 367, 867 P2d 1373 (1994)). The board's findings that employer did not control, or have any right to control, the area where claimant fell and was injured is supported by substantial evidence. Accordingly, we affirm the board's order on remand.

Affirmed.