Argued and submitted May 1, affirmed December 27, 2000

In the Matter of the Compensation of
Margaret L. Evans, Claimant.

FRED MEYER, INC.,
*Petitioner,*

*v.*

Margaret L. EVANS,
*Respondent.*

(98-07413; CA A107200)

15 P3d 1261

Deborah L. Sather argued the cause for petitioner. With her on the brief were Tracy J. White and Sather, Byerly & Holloway, LLP.

Charles R. Mundorff argued the cause for respondent. With him on the brief was Westmoreland & Mundorff.

Before Landau, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Employer seeks review of an order of the Workers' Compensation Board (Board) upholding the compensability of claimant's neck surgery. Its principal contention on review is that the Board applied the wrong standard of proof by treating claimant's case as a claim for a "combined condition" instead of a "consequential condition." We affirm.

The following facts are not in dispute. Claimant worked as a receiving clerk for employer. In 1992, she was hit by a forklift while working. Employer accepted claimant's claim for shoulder, knee, and foot injuries. When other symptoms occurred, claimant submitted a claim for injuries to her neck.

In 1993, Dr. Wayson reported that claimant had degenerative disc disease in her neck that preexisted her injury and evidence of disk herniation at C5-6. In March 1994, Wayson performed an anterior C5-6 and C6-7 discectomy and interbody fusion. Employer ultimately amended its acceptance to include a herniated disc at C5-6, but not the preexisting condition. In November 1994, employer closed the claim with an award of unscheduled disability for the neck.

In 1997, claimant returned to Wayson with complaints of numbness, tingling, and weakness in her arms. Wayson found foraminal stenosis, or narrowing of the apertures in the vertebrae. Wayson concluded that claimant required a foraminotomy, a surgical enlargement of the intervertebral foramina. Claimant underwent the surgery in 1998 and submitted a claim for "C5-6 foraminal stenosis as a consequence of compensable herniated disc." Employer denied the claim, asserting that the herniated C5-6 was not the major contributing cause of the foraminal stenosis.

At the hearing on the denial, the medical evidence concerning causation was divided. Employer's independent medical examiners took the view that the major contributing cause of claimant's need for surgery was her preexisting degenerative disc disease, while Wayson took the view that:

"[W]hat has gone on is that with scarring and progressive calcification secondary to the degeneration at that level, in part related to the injury and part related to the subsequent surgery, has led to progressive compromise of the nerve root foramen. * * * I do believe the original industrial injury and subsequent need for surgery at C5-6 and C6-7 and the subsequent degeneration that was exacerbated and caused by that original injury and surgery is the major cause for the current need for medical services."

The ALJ found Wayson's opinion most persuasive and set aside the denial. The Board affirmed. The Board concluded that, based on the medical evidence, claimant's condition is properly viewed as a combined condition, thus triggering the standard of proof expressed in ORS 656.005(7)(a)(B):

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

The Board then found, based on Wayson's opinion, that claimant had demonstrated that the major contributing cause of her need for treatment was the 1992 compensable injury and the resulting 1994 surgery.

■ On review, employer contends that the Board erred in concluding that claimant's condition is properly viewed as a combined condition. According to employer, it is more accurate to view claimant's condition as a consequential condition, which triggers the standard of proof expressed in ORS 656.005(7)(a)(A):

"No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

As employer sees it, the standard applicable to combined conditions is less demanding, as it requires only that the major cause of the "need for treatment" be the compensable injury, while the standard applicable to consequential conditions

requires that the major cause of the consequential condition itself be the compensable injury.

In this case, employer argues, claimant's condition should be viewed as a consequential condition. Employer reasons that the combined condition standard applies only when a preexisting condition makes a compensable injury worse, and this is the reverse situation, that is, claimant's compensable injury made a preexisting condition worse. Such a case, employer concludes, must be subject to the standard that applies to consequential conditions. Claimant argues that it makes no sense to suggest that the worsened degenerative condition that preexisted the compensable injury can be regarded as a consequence of it. We agree with claimant.

■ ■ ORS 656.005(7)(a)(B), the standard for combined conditions, applies when a "compensable injury combines at any time with a preexisting condition" to cause a disability or need for treatment. The statute contains no wording that limits its applicability to cases in which a preexisting condition makes a compensable injury worse, and not vice versa. It simply requires that the compensable injury and the preexisting condition "combine[ ] at any time" to create a disability or need for treatment. The operative principle is that multiple conditions combine to create a disability or need for treatment, not that one condition makes another one worse. *Lockhurst v. Bank of America*, 167 Or App 11, 16-17, 1 P3d 1031 (2000). In contrast, under ORS 656.005(7)(a)(A), a consequential condition is "a separate condition that arises from the compensable injury, for example, when a worker suffers a compensable foot injury that results in an altered gait that, in turn, results in back strain." *Fred Meyer, Inc. v. Crompton*, 150 Or App 531, 536, 946 P2d 1171 (1997).

In this case, the Board found that claimant's compensable 1992 injury, the surgery that followed, and the preexisting degenerative condition *combined* to bring about claimant's need for further surgery. That is precisely the sort of condition to which the combined condition standard of ORS 656.005(7)(a)(B) applies. Claimant's condition is not a separate condition that arose from the compensable injury; it preexisted and combined with it. The consequential condition standard of ORS 656.005(7)(a)(A), therefore, does not apply.

We conclude that the Board did not err in applying the combined condition standard of ORS 656.005(7)(a)(B).

Employer's other arguments do not require discussion.

Affirmed.