Argued and submitted May 18, decision of Court of Appeals and order of Workers' Compensation Board affirmed August 27, 2009

In the Matter of the Compensation of
Edward G. Sprague, Claimant.

SAIF CORPORATION
and Jerry's Specialized Sales,
*Petitioners on Review,*

*v.*

Edward G. SPRAGUE
and United States Bakery,
*Respondents on Review.*

(Agency Nos. 00-07404, 01-01561;
CA A133701; SC S056541)

217 P3d 644

David L. Runner, Salem, argued the cause and filed the brief for petitioners on review.

Christopher Moore, Malagon, Moore and Jensen, Eugene, argued the cause and filed the brief for respondent on review Edward G. Sprague.

E. Jay Perry, Employers Defense Counsel, Eugene, argued the cause and filed the brief for respondent on review United States Bakery.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer, Walters, and Kistler, Justices.**

BALMER, J.

---

** Linder, J., did not participate in the consideration or decision of this case.

**BALMER, J.**

This workers' compensation case requires us to review the statutory classifications for medical conditions and, in particular, to determine when an insurer is responsible for medical services necessary to treat those conditions. Claimant sustained a workplace knee injury in 1976 and received treatment for that injury. Nearly 25 years later, his knee had deteriorated to the point that a physician recommended knee replacement surgery. Before that surgery could be undertaken, however, claimant had to lose weight. Claimant's doctor recommended gastric bypass surgery, without which the knee replacement surgery would not be effective, and that surgery was performed in 2000. The insurer rejected the claim for the gastric bypass surgery. The Court of Appeals, in a series of opinions, eventually concluded that the surgery was compensable. On review, we affirm the decision of the Court of Appeals, although our analysis of the controlling statutes differs in some respects.

## STATUTORY OVERVIEW

A brief overview will be helpful in understanding the key statutory terms. ORS 656.245(1)(a), which we quote in full below, makes employers (or their insurers) responsible, in certain circumstances, for "medical services" necessary to treat "conditions" that result from compensable workplace injuries. Whether the expenses for those medical services are compensable depends, in part, on characterizing the medical conditions. Roughly speaking, the workers' compensation statutes divide medical conditions into four categories: (1) ordinary conditions; (2) preexisting conditions; (3) consequential conditions; and (4) combined conditions.

ORS 656.245(1)(a) prescribes generally when expenses for medical services are compensable and deals with each of those conditions:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires, subject to the limitations in ORS

656.225, [which deals with preexisting conditions,] including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or the self-insured employer shall cause to be provided only those medical services directed to medical conditions caused in major part by the injury."

Thus, insurers generally are responsible for medical services "for" conditions—that is, ordinary "conditions"—that are "caused in material part" by compensable workplace injuries. However, the statute sets different standards for compensability of the other three subsets of "conditions" described above—preexisting, consequential, and combined.

As noted, ORS 656.245(1)(a) incorporates the limitations on compensability of preexisting conditions—that is, conditions that preexisted the workplace injury[1]—that are provided in ORS 656.225. Under ORS 656.225, medical services directed at treating only a preexisting condition generally are not compensable:

---

[1] ORS 656.005(24) defines "preexisting condition":

"(a) 'Preexisting condition' means, for all industrial injury claims, any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment, provided that:

"(A) Except for claims in which a preexisting condition is arthritis or an arthritic condition, the worker has been diagnosed with such condition, or has obtained medical services for the symptoms of the condition regardless of diagnosis; and

"(B)(i) In claims for an initial injury or omitted condition, the diagnosis or treatment precedes the initial injury;

"(ii) In claims for a new medical condition, the diagnosis or treatment precedes the onset of the new medical condition; or

"(iii) In claims for a worsening pursuant to ORS 656.273 or 656.278, the diagnosis or treatment precedes the onset of the worsened condition.

"(b) 'Preexisting condition' means, for all occupational disease claims, any injury, disease, congenital abnormality, personality disorder or similar condition that contributes to disability or need for treatment and that precedes the onset of the claimed occupational disease, or precedes a claim for worsening in such claims pursuant to ORS 656.273 or 656.278.

"(c) For the purposes of industrial injury claims, a condition does not contribute to disability or need for treatment if the condition merely renders the worker more susceptible to the injury."

"In accepted injury or occupational disease claims, * * * medical services solely directed to a worker's preexisting condition are not compensable unless:

"(1) In occupational disease or injury claims other than those involving a preexisting mental disorder, work conditions or events constitute the major contributing cause of a pathological worsening of the preexisting condition.

"(2) In occupational disease or injury claims involving a preexisting mental disorder, work conditions or events constitute the major contributing cause of an actual worsening of the preexisting condition and not just of its symptoms.

"(3) In medical service claims, the medical service is prescribed to treat a change in the preexisting condition as specified in subsection (1) or (2) of this section, and not merely as an incident to the treatment of a compensable injury or occupational disease."

Similarly, ORS 656.245(1)(a) incorporates the limitations related to consequential and combined conditions provided in another statute, ORS 656.005(7)(a). ORS 656.005(7)(a) both defines "compensable injury" and provides limits on the compensability of consequential and combined conditions:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable *as a consequence of* a compensable injury unless the compensable injury is the *major contributing cause* of the *consequential condition*.

"(B) If an otherwise compensable injury *combines* at any time with a *preexisting condition* to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the *major contributing cause* of the disability of the *combined condition* or the

*major contributing cause* of the need for treatment of the *combined condition.*"

(Emphases added.) ORS 656.245(1)(a) incorporates those limits into the compensability of medical services claims by providing that, in the case of consequential and combined conditions, the insurer is responsible for only those medical services that are "directed to medical conditions caused in major part by the [compensable] injury."

## FACTS

Claimant compensably injured his left knee in 1976, while working for Jerry's Specialized Sales, an employer insured by SAIF. At that time, claimant weighed 225 pounds. SAIF accepted claimant's claim, and in December 1976, claimant underwent a meniscectomy to repair a torn left lateral meniscus. SAIF ultimately closed the claim with an award of 10 percent scheduled disability.

By 1996, claimant weighed approximately 320 pounds, and by 1998, his left knee had become symptomatic again. In February 1999, claimant again injured his left knee while working for United States Bakery, a self-insured employer. In November 1999, Gates McDonald, which administered United States Bakery's workers' compensation claims, accepted claimant's claim for his new injury—"disabling cartilaginous fragments of the left knee." In January 2000, Gates McDonald modified its acceptance to specify that the accepted claim was a combined condition involving claimant's preexisting left knee problems; Gates McDonald later denied compensation for that combined condition.

In April 2000, claimant's doctor sought preapproval from Gates McDonald for gastric bypass surgery to treat claimant's "severe morbid obesity." In May 2000, claimant underwent the gastric bypass surgery, at which time he weighed approximately 350 pounds.[2] However, Gates

---

[2] The Court of Appeals stated that the gastric bypass was performed in January 2001, most likely because the board's order states that the surgery was performed in January 2001. SAIF notes that the surgery actually occurred in May 2000. The record supports SAIF's assertion, and the contrary statement in the

McDonald denied claimant's gastric bypass claim, asserting that claimant's 1999 injury was not the major cause of claimant's current knee condition or his need for gastric bypass. Claimant then requested that SAIF expand its acceptance of his original 1976 injury claim to include "pre-morbid obesity and the need to perform gastric bypass." Claimant also had previously requested that SAIF expand its acceptance to include several other knee conditions. SAIF amended its acceptance to include "consequential arthritis of the lateral compartment, left knee." However, it denied claimant's request to include the need for gastric bypass, asserting that claimant's obesity preexisted the 1976 injury and that, as a result, the claim was not compensable under ORS 656.225. As noted, ORS 656.225 provides that medical services "solely directed to a worker's preexisting condition" generally "are not compensable."

Claimant sought a hearing. The administrative law judge (ALJ) concluded that claimant's morbid obesity was not a preexisting condition because there was "no persuasive evidence that claimant's weight played a contributory role in his left knee condition until he became morbidly obese after the 1976 injury." After determining that claimant did not have a preexisting condition, the ALJ noted that claimant could not, "by definition," have a combined condition because a "combined condition" involves the combination of a compensable injury with a preexisting condition. *See* ORS 656.005(7)(a)(B) (describing "combined condition"). After concluding that neither ORS 656.225 nor ORS 656.005(7)(a)(B) applied, the ALJ stated that the relevant determination was whether the gastric bypass was "necessary to allow for more directly-related treatment for [the 1976] injury," citing *Williams v. Gates, McDonald & Co.*, 300 Or 278, 709 P2d 712 (1985).[3] Applying that standard, the ALJ concluded that claimant's gastric bypass was compensable because it was necessary for his anticipated knee replacement surgery to be successful.

___

Court of Appeals opinion and the board's order appears to be a mistake. In any event, the date of the surgery is not relevant to the issue on review, except to provide factual context.

[3] The ALJ did not mention ORS 656.245(1)(a).

The Workers' Compensation Board reversed the ALJ's order concerning claimant's medical services claim for the gastric bypass.[4] The board agreed that ORS 656.225, the exclusion for preexisting conditions, did not apply, but for a different reason than the ALJ. The board noted that the medical evidence demonstrated that claimant's 1976 injury contributed, at least in part, to his need for gastric bypass. Thus, claimant's obesity was not the "sole[ ]" cause of the need for gastric bypass, and ORS 656.225 did not apply. *See* ORS 656.225 ("[M]edical services *solely* directed to a worker's preexisting condition [ordinarily] are not compensable * * *." (Emphasis added.)). Indeed, the board appears to have determined, contrary to the ALJ, that claimant's obesity *did* preexist the 1976 injury; it supplemented the ALJ's findings of fact in part by noting that "[c]laimant is genetically predisposed to obesity."

Further, the board concluded that the gastric bypass was not compensable under ORS 656.245(1)(a). The board characterized claimant's medical services claim as one involving a "consequential condition" and stated that, as a result, "claimant must prove that his compensable knee injury was the major contributing cause of his need for gastric surgery." The board acknowledged that the gastric bypass surgery "was performed in part to treat [claimant's] left knee condition (which is due largely to the 1976 work injury * * *)." (Footnote omitted.) The board also acknowledged that two doctors had opined that "the major contributing cause of his need for [gastric bypass] surgery * * * was his left knee condition," but determined that those opinions were "unpersuasive" because they were "inadequately explained"; that is, the doctors "never explained *why* [they] believe[d] that the knee condition contributed more to the need for gastric surgery than did the preexisting genetically determined obesity." (Emphasis in original.) Lacking any "persuasive" evidence that claimant's knee condition was the "major cause" of his need for gastric bypass, the board concluded that claimant had failed to demonstrate that the gastric bypass was "directed to medical conditions caused in major

---

[4] In a separate order issued the same day, the board also denied claimant's "new medical condition claim" for obesity. Claimant did not seek review of that order.

part by the [compensable] injury," as required by the second sentence of ORS 656.245(1)(a).

Claimant sought judicial review. The Court of Appeals disagreed with the board's characterization of the claim as one for a consequential condition:

"[A] consequential condition is a separate condition that arises from the compensable injury, for example, when a worker suffers a compensable foot injury that results in an altered gait that, in turn, results in back strain. Here, claimant's obesity is a separate condition, but the board found that claimant was 'genetically predisposed to obesity.' Moreover, it did not find that claimant's obesity arose from claimant's knee condition, which is required for it to be a consequential condition of an accepted condition. The statutory definition of a 'consequential condition' is not satisfied, as the board reasoned, simply because the gastric bypass surgery was performed, in part, to treat claimant's obesity and, in part, to treat his knee condition."

*Sprague v. United States Bakery*, 199 Or App 435, 440, 112 P3d 362 (2005) (*Sprague I*) (internal quotation marks omitted). Instead, the court concluded that "the 1976 knee injury and the development of arthritis in that knee constitute an accepted *combined* condition that now requires total knee replacement surgery." *Id.* (emphasis in original). The court determined that the *first* sentence of ORS 656.245(1)(a), rather than the second sentence, applied, so that the issue on remand actually was whether the gastric bypass was a medical service for a condition that was "caused in material part" by the 1976 knee injury. *Id.* at 440-41.

SAIF petitioned for reconsideration, arguing that, because the Court of Appeals had labeled claimant's condition a "combined" condition, the second sentence of ORS 656.245(1)(a) still applied. *See* ORS 656.245(1)(a) (second sentence describes consequential and combined conditions). The Court of Appeals issued another opinion to clarify its reasoning. *Sprague v. United States Bakery*, 200 Or App 569, 116 P3d 251 (2005) (*Sprague II*). The court began by explaining that the "condition" that the court was classifying was "claimant's knee condition, *i.e.*, the need for a total knee replacement." *Id.* at 572. The court then withdrew any wording from its prior decision implying that claimant's obesity

condition was a combined condition. Finally, the court explained its reasoning again:

"To summarize, we read the two sentences in ORS 656.245(1)(a) to mean the following: They describe three categories of conditions for which medical expenses are compensable. In the first category, employers and insurers are responsible for medical services for conditions caused in material part by the compensable injury. In the second and third categories, they are also responsible for medical services for consequential and combined conditions so long as the [need for] medical services [is] caused in major part by the compensable injury. The second sentence of the statute does not apply to claimant's circumstances because claimant's obesity is neither a combined condition nor a consequential condition as defined by ORS 656.005(7)(a). That is why we said in our former opinion that, on remand, the board must consider whether claimant's medical services claim was for a condition (claimant's obesity) that was caused in material part by his compensable injury. It is also why SAIF's harmless error argument based on the second sentence of the statute is misplaced. It may be that the board will ultimately conclude that the medical services were not for a condition that was 'caused in material part' by his compensable condition, but it must make that determination without conflating the requirements of the two sentences in the statute."

*Id.* at 573-74 (footnote omitted).

On remand, the board ruled in favor of claimant, holding that his medical services claim for the gastric bypass surgery was compensable. The board adopted the ALJ's findings of fact, supplemented by a finding that claimant's compensable 1976 left knee injury was a material cause of his need for gastric bypass. In making that determination, the board relied on the opinions of two doctors that "the major contributing cause of [claimant's] need for [gastric bypass] surgery * * * was his left knee condition." (Internal quotation marks omitted.) The board also noted the opinion of a third doctor that gastric bypass was "a well indicated and reasonable treatment for [claimant's] left knee condition." (Internal quotation marks omitted; bracketed material in original.) Because the board found that claimant's compensable left knee injury was a "material cause" of his need for gastric

bypass, the board held that claimant's medical services claim was compensable.

SAIF and Jerry's Specialized Sales sought judicial review, and the Court of Appeals issued a third opinion. *SAIF v. Sprague*, 221 Or App 413, 190 P3d 443 (2008) (*Sprague III*). The majority concluded that the board had complied with the remand instructions and affirmed the board's decision. The majority reiterated its earlier conclusion that services for treating a noncompensable condition are, nevertheless, compensable under the first sentence of ORS 656.245(1)(a) "if the treatment of the noncompensable condition is necessary to the treatment of a condition materially caused by the compensable injury." *Id.* at 426. Because the board had concluded that the treatment of the obesity condition was necessary to the treatment of the knee condition, it was compensable.

Chief Judge Brewer agreed with the majority's holding, but wrote a concurring opinion in which he stated that the court's application of the first sentence of ORS 656.245(1)(a) might be wrong. He first explained that the relevant "condition" was claimant's current arthritic knee condition—not claimant's obesity. He then noted that the majority incorrectly had characterized that condition merely as an ordinary "condition" rather than as a "consequential condition." He explained that the arthritic knee condition was a consequential condition "because the arthritis developed as a consequence of claimant's compensable 1976 injury." *Id.* at 429 (Brewer, C. J., concurring). Thus, the second sentence of ORS 656.245(1)(a) applied, and claimant was required to show that the medical condition—claimant's current arthritic knee condition—was "caused in major part by" the compensable injury—claimant's 1976 injury. Chief Judge Brewer then concluded that "the board correctly analyzed the matter in its first order in this case by requiring proof that claimant's 1976 knee injury is the major contributing cause of his current arthritic knee condition." *Id.* at 430. Nonetheless, he agreed with the result reached by the majority, because the court's earlier decisions had become the law of the case. *Id.* at 432.

SAIF and Jerry's Specialized Sales sought review in this court, which we allowed.

## ANALYSIS

■     We begin by reviewing the relevant facts using the terminology of the statutes. The "compensable injury" here is claimant's original meniscus tear, caused by a workplace accident in 1976. As a result of that injury, claimant underwent surgery, which later caused arthritis to develop in his knee. His current arthritic knee—not his obesity—is the "condition" with which we are concerned. On the other hand, the specific "medical service" for which claimant seeks compensation is the gastric bypass surgery.[5] The true question here is whether the surgery is a compensable medical expense for the treatment of the condition.

■     As discussed above, the statute governing claimant's medical services claim, ORS 656.245(1)(a), treats ordinary "conditions" differently than consequential and combined conditions; as a result, we next must classify claimant's arthritic knee condition. Claimant presented his claim for the arthritic knee condition as a consequential condition, and SAIF accepted the claim as "*consequential* arthritis of the lateral compartment, left knee." (Emphasis added.) The board similarly classified claimant's claim as "a claim for medical services for a consequential condition" and noted that his current arthritic knee condition was "due largely to the 1976 work injury." We agree with the board and the parties that claimant's arthritic knee condition is best classified as a consequential condition. The medical evidence in the record supports the board's conclusion that claimant's current arthritic knee condition is "a consequence of" claimant's original 1976 surgery, which in turn was performed as "a consequence of" his compensable 1976 injury. *See* ORS 656.005(7)(a)(A) (describing "consequential condition").

Because claimant's arthritic knee condition is a consequential condition, the second sentence of ORS

---

[5] The record does not disclose whether claimant had knee replacement surgery to treat his arthritic knee. However, no party disputes that such surgery would have been compensable.

656.245(1)(a) governs the compensability of the medical services here. As described above, that sentence provides that, for consequential conditions, "the insurer or the self-insured employer shall cause to be provided *only those medical services directed to medical conditions caused in major part by the injury.*" (Emphasis added.) In other words, two requirements must be met for claimant's medical services to be compensable: claimant must demonstrate that (1) his current arthritic knee condition was "caused in major part" by his compensable 1976 injury, and (2) the gastric bypass surgery was "directed to" his current arthritic knee condition.

Much of the dispute in this case has centered around the applicable causation standard—"material" cause (from the first sentence of ORS 656.245(1)(a)) or "major" cause (from the second sentence of ORS 656.245(1)(a)). SAIF argues that claimant's medical services claim must fail because he has not demonstrated that "his 'condition' of morbid obesity was *'caused in major part'* by his 'compensable injury.'" (Emphasis added.) The board similarly focused on the applicable standard of causation. In its original order, the board stated that, to qualify for compensation, "claimant must prove that his compensable knee injury was the *major contributing cause* of his need for gastric surgery." (Emphasis added.) On remand, the board, following the Court of Appeals, altered its terminology by describing the first sentence of ORS 656.245(1)(a) as requiring proof that "claimant's compensable left knee injury was a *material cause* of his need for gastric bypass surgery." (Emphasis added.) In our view, however, neither the board's analysis nor SAIF's analysis accurately describes either the condition at issue here or the wording of the statute.

As we have noted, the "condition" at issue here is claimant's arthritic knee, not his morbid obesity. The board rejected claimant's "new medical condition claim" for his obesity, claimant did not appeal that order, and it is not before us on review. Thus, SAIF's argument that claimant must show that his *obesity* was caused by his compensable 1976 injury is misplaced. Instead, claimant must demonstrate that his *current arthritic knee condition* was caused by his compensable 1976 injury.

The board's orders were incorrect for a different reason. The board incorrectly required that claimant's compensable injury be the major contributing cause of claimant's *need for medical services*. That is not what the statute requires. The plain wording of the statute requires that the compensable injury be the major cause of the relevant *medical condition*. ORS 656.245(1)(a). The medical services, in turn, must be "directed to" that medical condition. *Id*. There is no requirement that the need for medical services be directly "caused by" the original compensable injury at all.

We return to the issue of the characterization and cause of claimaint's current condition. As noted, claimant's current arthritic knee condition is a consequential condition. Therefore, for the medical services to be compensable under ORS 656.245(1)(a), that condition must have been "caused in major part by" claimant's compensable 1976 injury. *See* ORS 656.245(1)(a) (stating requirement). SAIF does not dispute that claimant's current arthritic knee condition was caused in major part by his 1976 injury. Indeed, SAIF acknowledged that claimant's arthritic knee condition was caused in major part by his compensable 1976 injury when it accepted the arthritic knee as a compensable consequential condition. *See* ORS 656.005(7)(a)(A) ("No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.").

The only remaining issue is whether the "medical services" at issue here—the gastric bypass surgery—were "directed to" claimant's current arthritic knee condition. On remand, the board pointed to the "unrebutted" opinions of several doctors that claimant's gastric bypass was performed for the purpose of treating his knee condition. One doctor, for example, described gastric bypass as a "well indicated and reasonable treatment for [claimant's] left knee condition." The board also accepted, in its original order, "the undisputed evidence" that the gastric bypass was necessary for the success of claimant's knee replacement surgery. The evidence relied upon by the board demonstrates that the bypass surgery was "directed to" claimant's current arthritic knee condition: the surgery was performed as part of the treatment intended to ameliorate the worsening condition of claimant's

knee, and the weight loss was necessary to the effective treatment of claimant's knee. Substantial evidence supported the board's factual findings. Therefore, the claim for bypass surgery should have been allowed.

We emphasize that the sole question before us is whether the gastric bypass surgery was "directed to" claimant's current arthritic knee condition, which was caused in major part by his compensable 1976 injury. ORS 656.245(1)(a) does not limit the compensability of medical services simply because those services *also* provide incidental benefits or help to treat other medical conditions that were not caused by the compensable injury. The fact that the gastric bypass also treated claimant's morbid obesity as a necessary incident of effectively treating his knee condition does not affect the resolution of the compensability of his medical services claim. Because the gastric bypass was "directed to" claimant's current arthritic knee condition, we need not express an opinion as to the classification or cause of claimant's morbid obesity. It is not relevant to the issue before us.

The decision of the Court of Appeals and the order of the Workers' Compensation Board are affirmed.