EGAN, C. J.
*218 Claimant seeks review of an order of the Workers' Compensation Board holding that proposed surgical treatment for the worsening of claimant's preexisting cervical condition is not compensable, because the worsened condition is a "consequential condition," and the medical treatment is not directed only to the consequential condition but to the preexisting component of claimant's condition. We conclude that the board erred and we therefore remand the case to the board for reconsideration.
The issue in this case concerns a question of statutory construction with respect to the interplay of ORS 656.245 and ORS 656.225. We set out those statutes, as relevant, for context.
ORS 656.245(1)(a) provides:
"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions caused in material part by the injury for such period as the nature of the injury or the process of the recovery requires, subject to the limitations in ORS 656.225, including such medical services as may be required after a determination of permanent disability. In addition, for consequential and combined conditions described in ORS 656.005(7), the insurer or the self-insured employer shall cause to be provided only those medical services directed *799 to medical conditions caused in major part by the injury."
ORS 656.225 provides, in turn:
"In accepted injury or occupational disease claims, disability solely caused by or medical services solely directed to a worker's preexisting condition are not compensable unless:
"(1) In occupational disease or injury claims other than those involving a preexisting mental disorder, work conditions or events constitute the major contributing cause of a pathological worsening of the preexisting condition.
" * * * * *
"(3) In medical service claims, the medical service is prescribed to treat a change in the preexisting condition *219 as specified in subsection (1) or (2) of this section, and not merely as an incident to the treatment of a compensable injury or occupational disease."
The facts of this case were recently summarized in our opinion in Arms v. SAIF , 268 Or. App. 761, 343 P.3d 659 (2015). In 2003, claimant suffered a compensable injury while working for SAIF's insured as a drywall hanger, when he hit his head on a ceiling beam. The injury caused a disc herniation at C5-6. SAIF accepted a claim and paid for surgery, which included a disc fusion. At the time, medical imaging showed that claimant also had a mild disc bulge at C6-7 as a result of the natural aging process and not related to the work injury.
In 2009, claimant began treatment for pain in his left arm, hip, and leg. An MRI in 2010 showed that claimant had degenerative changes at C6-7 that had progressed since 2003. Dr. Kitchel, who had performed the surgery in 2003, opined that the fusion at C5-6 was the "major precipitating cause" of the C6-7 disc degeneration and symptoms. Kitchel recommended surgery at the C6-7 level.
Other medical evidence rejected the contention that the 2003 surgery had contributed more than slightly to degenerative changes at C6-7 and expressed the opinion that claimant's cervical spine condition at C6-7 had worsened due to the normal aging process. Claimant filed a claim for C6-7 disc degeneration as a new or omitted condition or as a consequential condition, which SAIF denied. Claimant requested a hearing.
Claimant subsequently conceded that the C6-7 degeneration was not an omitted condition and was not itself compensable as a consequential condition, but sought compensation for the surgery as a medical expense related to the accepted claim for the injury at C5-6, contending that claimant's accepted 2003 injury, including the fusion, was the major contributing cause of the pathological worsening of claimant's preexisting C6-7 condition and the need for surgery. SAIF denied the claim, contending that claimant's condition at C6-7 was properly viewed as a consequential condition and that the compensability of medical treatment for a consequential condition was subject to ORS 656.245 *220 and therefore did not implicate ORS 656.225. SAIF contended that, as a consequential condition, neither the C6-7 condition itself nor its treatment are compensable, because claimant has not established that the C6-7 condition was caused in major part by the 2003 injury, as required by ORS 656.245. SAIF further asserted that medical services are compensable only if they relate to a compensable condition and, there being no compensable condition to which they relate, claimant's requested medical services are not compensable.
The board, in affirming an order of an administrative law judge (ALJ), reasoned that claimant's condition-which the ALJ identified as the C6-7 disc degeneration-was properly viewed as a combined condition. Citing this court's opinion in Luckhurst v. Bank of America , 167 Or. App. 11, 17, 1 P.3d 1031 (2000), in which we identified a "requirement" in ORS 656.225 that the treatment be directed solely to a preexisting condition, the board reasoned that, because claimant's C6-7 condition was a combined condition, treatment of the condition could not properly be viewed as directed "solely" to the preexisting condition. The board, in affirming the ALJ's order and rejecting claimant's contention that the surgery was compensable under ORS 656.225, explained:
"The expert opinions are persuasive to prove that Dr. Kitchel's proposed surgery is directed solely to the C6-7 degeneration.
*800 Dr. Kitchel ultimately so concludes and the other doctors do not conclude to the contrary. Further, the expert opinion is persuasive to prove that claimant's C6-7 degeneration involved a combination of both his preexisting degenerative arthritic condition at that level and the effects of the 2003 surgery for his accepted C5-6 disc herniation. * * * As a result, Dr. Kitchel's proposed C6-7 surgery is directed to a combined condition rather than solely to a preexisting condition. Therefore, ORS 656.225 does not apply to the compensability of the proposed surgery."
Because the surgery was directed at a combined condition, the board reasoned, it was not solely for treatment of the preexisting condition.
The board, in affirming the ALJ's order, also considered and rejected claimant's contention that the surgery was compensable under ORS 656.245 as a medical service *221 for treatment of a consequential condition. While concluding that claimant's disc degeneration at C6-7 was, indeed, a consequential condition, the board determined that claimant had failed to establish that the work injury was its major contributing cause:
"As discussed above, the expert medical opinion evidence is persuasive to prove that Dr. Kitchel's proposed surgery is directed solely to the C6-7 degeneration and, further, that the C6-7 degeneration is a consequential condition. As a result, under ORS 656.245(1)(a), the proposed surgery is only compensable if claimant's compensable 2003 injury has been the major cause of the C6-7 degeneration. The expert medical opinion is not persuasive to so prove. Drs. Rosenbaum, Kitchel, Korvacevic, and Colleti all ultimately conclude instead that the preexisting condition has continued to be the major cause of the C6-7 degeneration."
Thus, the board concluded, for purposes of ORS 656.225, claimant's surgery was not directed "solely" to the preexisting condition, because claimant's C6-7 disc degeneration was a "combined condition." And, for purpose of ORS 656.245, claimant's surgery was not compensable because the disc degeneration at C6-7 was a "consequential condition," and claimant had not met his burden to show that a work injury or event was its major contributing cause.
On judicial review, we considered claimant's contention that he had established the compensability of the surgery under ORS 656.225. As noted, the board had rejected that contention on the theory that claimant's C6-7 condition was a combined condition and that the treatment, therefore, was not directed solely to the preexisting condition. We rejected the board's reasoning, concluding that there was no evidence of a "combining" of claimant's accepted injury at C5-6 and the condition at C6-7.
As for claimant's contention that ORS 656.225 provides an independent source of benefits, we also rejected it. We explained:
" ORS 656.225 does not direct insurers to provide benefits. In contrast, ORS 656.245(1)(a) directs insurers to 'cause to be provided medical services[.]' ORS 656.245(1)(a) itself refers to 'the limitations in ORS 656.225,' suggesting that ORS 656.225 creates limitations on compensation rather *222 than entitlement to it. The Supreme Court acknowledged as much in SAIF v. Sprague , 346 Or. 661, 664, 217 P.3d 644 (2009), stating that ' ORS 656.245(1)(a) incorporates the limitations on compensability of preexisting conditions * * * that are provided in ORS 656.225.'
"Accordingly, to determine whether claimant is entitled to compensation for the C6-7 surgery, the appropriate starting point is ORS 656.245(1)(a)."
Arms , 268 Or. App. at 767-68, 343 P.3d 659. But we did not accept the implication of the board's rationale that ORS 656.225 does not apply whenever a preexisting condition is affected by work conditions or events, either by "worsening" the preexisting condition or by combining with it, reasoning that, so understood, the statute would apply only to medical services directed to preexisting conditions that were not affected in any way by a claimant's work. We explained:
"Such services are never compensable under the Workers' Compensation Law, so there would be no point in placing limits on compensability, as the legislature did in ORS 656.225(1), (2), and (3). Moreover, ORS 656.225(1) and (2) contemplate medical *801 services for preexisting conditions that are worsened by work conditions or events. If such conditions were screened out by the 'solely directed' clause of the statute, as the board's order seems to suggest, subsections (1) and (2) would never apply to anything. If that is how the board interpreted the 'solely directed' clause, it erred."
Id. at 770, 343 P.3d 659 (footnote omitted). We reversed the board's order and remanded the case for the board to consider in the first instance SAIF's arguments that ORS 656.225 was inapposite, because claimant's C6-7 condition is not an "accepted injury or occupational disease," and was not worsened by "work conditions or events," as required by ORS 656.225, but by treatment of a compensable injury. We stated that we preferred to have "the board's insight on the proper analysis of those questions before we undertake to address them ourselves." Id. at 773, 343 P.3d 659.
In our first opinion, we did not address the board's additional conclusion that claimant's C6-7 condition was properly viewed and was not compensable as a "consequential *223 condition" for purposes of ORS 656.245, because claimant had not pursued that theory, having conceded at the hearing that the C6-7 disc degeneration was not compensable as a consequential condition. Claimant had argued only that the medical services were compensably related to the accepted injury claim under the terms of ORS 656.225. SAIF also did not pursue the "consequential condition" rationale as an alternative ground for affirming the board and, in fact, in a change from its previous position at the board, contended before this court, with a citation to Fred Meyer Inc. v. Evans , 171 Or. App. 569, 573, 15 P.3d 1261 (2000) (holding that a preexisting condition made worse by a compensable injury is not a separate condition that constitutes a consequential condition), that the C6-7 condition was not a consequential condition, because it preexisted the accepted C5-6 injury.
On remand before the board, claimant continued to pursue his argument that the surgery was compensable pursuant to ORS 656.225. SAIF altered its position once again, contending that claimant's degenerative condition at C6-7 was, indeed, properly characterized as a consequential condition, because it was a condition separate from the degenerative condition at C5-6 that arose indirectly as a result of treatment of C5-6. See Allen v. SAIF , 279 Or. App. 135, 138, 377 P.3d 663 (2016) (a consequential injury arises from the initial, direct injury, rather than from the work-place accident); SAIF v. Walker , 260 Or. App. 327, 336, 317 P.3d 384 (2013) (upholding compensability of a worsening of a preexisting disc herniation condition as a consequential condition).
In its order on remand, the board continued to analyze the claim as a consequential condition. But, citing this court's opinion in Walker , the board modified its prior analysis slightly and reasoned that, for purposes of determining the compensability of the proposed medical treatment, the proper focus was on claimant's worsened C6-7 condition as a consequential condition. Concluding that the worsened condition was a consequential condition, the board stated that the "medical services directed to the worsened C6-7 degeneration would be compensable only if the worsened condition were caused in major part by the compensable injury."
*224 Although the board acknowledged that there was medical evidence that the major contributing cause of the worsening of claimant's C6-7 condition was the compensable injury and its treatment, the board nonetheless concluded that the proposed surgery was not compensable. Under the terms of ORS 656.245, medical services for a consequential condition must be "directed to medical conditions caused in major part by the injury." Because medical evidence showed that claimant's entire C6-7 disc degeneration was not caused in major part by claimant's work injury, and because the proposed surgery was directed not merely to treatment of the worsened portion of claimant's condition but to the entire condition, the board reasoned that claimant had not met his burden under ORS 656.245 to show that the proposed surgery was directed to the consequential condition.[1]
*802 On this second judicial review, claimant challenges the characterization of the worsened condition as a consequential condition, citing this court's opinion in Evans . But our recent opinion in Walker casts doubt on the continued viability of our statement in Evans that the worsening of a preexisting condition cannot be a consequential condition. In Walker , we implicitly upheld the board's determination that a worsening of a preexisting condition can constitute a consequential condition. 260 Or. App. at 339, 317 P.3d 384. Here, as in Walker , the record would support the board's determination that claimant's worsened disc degeneration at C6-7 is a consequential condition, because it arose as a consequence of the treatment for the accepted C5-6 condition.
In light of the board's finding that the worsened C6-7 degenerative disc condition for which claimant seeks medical treatment is a consequential condition, we agree with the board that the compensability of the requested medical services would depend on whether the compensable work injury (or its treatment, Barrett Business Services v. Hames , 130 Or. App. 190, 193, 881 P.2d 816, rev. den. , 320 Or. 492, 887 P.2d 793 (1994) ) was the major contributing cause of the consequential condition.
*225 As the board noted, there is medical evidence both ways. Whether the work injury was the major contributing cause of the consequential condition consisting of the worsened degenerative disc condition at C6-7 is an issue for the board to resolve in the first instance.
But the board did not resolve that issue. Rather, having concluded that the proposed medical services would address not only the worsened portions of claimant's C6-7 condition, but the C6-7 condition in its entirety, the board then rejected the compensability of the services, for the reason that the proposed medical services were not "directed" only to the consequential condition but to the preexisting condition as well. If, as the board found, the worsened C6-7 condition was a consequential condition, and if claimant's compensable injury was its major contributing cause, then surgery directed to the treatment of that worsened condition is compensable, whether or not the surgery also incidentally treats that portion of claimant's C6-7 disc degeneration that preexisted the accepted C5-6 disc injury. See Sprague , 346 Or. at 675, 217 P.3d 644 (" ORS 656.245(1)(a) does not limit the compensability of medical services simply because those services also provide incidental benefits or help treat other medical conditions that were not caused by the compensable injury.") (Emphasis in original.).
But if, as the board also found, "the record does not establish that the worsening of the C6-7 degeneration is a distinct condition to be discretely addressed by the proposed surgery, as opposed to the overall C6-7 degeneration," then we would question whether the worsened degenerative disc condition at C6-7 is properly considered to be a separate consequential condition, rather than simply as a worsened preexisting condition. Fred Meyer, Inc. v. Crompton , 150 Or. App. 531, 536, 946 P.2d 1171 (1997) (a consequential condition is a separate condition that arises as a consequence of an injury or condition). The board should resolve that question on remand and, if it concludes that the condition is not properly analyzed as a consequential condition, then the board should also address whether the surgery is a compensable medical expense related to the original injury under ORS 656.245 and the limitations of ORS 656.225.
*226 If, on remand, the board determines that ORS 656.225 is in play, then the board should keep in mind the interplay of ORS 656.245 and ORS 656.225 that we described in our first opinion. Arms , 268 Or. App. at 768-70, 343 P.3d 659. In Sprague , the court identified four categories of medical conditions: "(1) ordinary conditions; (2) preexisting conditions; (3) consequential conditions; and (4) combined conditions." 346 Or. at 663, 217 P.3d 644. Under ORS 656.245(1), in the context of an "ordinary condition," i.e. , an injury claim, in which the material contributing cause standard of proof otherwise applies in determining the compensability of medical services, ORS 656.225 provides for an enhanced, major contributing cause, standard of proof when the medical services are directed to preexisting conditions. When, however, a claim is characterized as a combined or consequential condition, the major contributing cause standard of proof set forth in *803 ORS 656.245 applies, and ORS 656.225 is not implicated. We remand the case to the board for reconsideration consistent with this opinion.[2]
Reversed and remanded.

In light of its conclusion that the worsened condition was properly characterized as a consequential condition, the board did not address the issue for which the case was remanded-whether ORS 656.225 might nonetheless provide a basis for compensability.

We note that here, whether, for purposes of the compensability of medical treatment, claimant's condition is analyzed as a consequential condition only under ORS 656.245 or as an "ordinary" condition under ORS 656.245 and ORS 656.225 makes little difference; in either case, treatment of the worsened preexisting condition is compensable if the accepted work injury or its treatment was the major contributing cause of the worsened condition.