36 April 29, 2026 No. 335

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Mark S. Mooney,
Claimant.

Mark S. MOONEY,
*Petitioner,*

*v.*

LEGACY HEALTH,
*Respondent.*

Workers' Compensation Board
2102029;
A182837

Argued and submitted May 21, 2025.

Robert Adian Martin argued the cause for petitioner. On the briefs was Julene M. Quinn.

Rebecca Watkins argued the cause for respondent. Also on the brief were Daisha Barnes and SBH Legal.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board that upheld employer's denial of his previously accepted combined condition consisting of an accepted work-related C7 radiculopathy injury and a preexisting cervical condition involving a spinal fusion and Brown-Sequard Syndrome. Reviewing the board's order for substantial evidence and errors of law, ORS 183.482(8)(a), (c), we affirm.

Claimant, who worked for employer as a nurse, sustained a work-related injury while moving a patient. Employer accepted a claim for disabling C7 radiculopathy, for which claimant had surgery. Claimant has a history of cervical fusion from a childhood injury, with accompanying Brown-Sequard Syndrome. Subsequent to employer's acceptance of the C7 radiculopathy and the surgery, medical evidence indicated that claimant's accepted C7 radiculopathy had combined with claimant's preexisting cervical conditions to cause or prolong disability or claimant's need for treatment of the C7 radiculopathy, but that the surgery had resolved claimant's C7 radiculopathy. Physicians opined that, subsequent to surgery, claimant's C7 radiculopathy was no longer the major contributing cause of claimant's disability or need for treatment of the combined condition.

On May 5, 2021, employer modified its acceptance to also accept a combined condition of claimant's accepted C7 radiculopathy and claimant's preexisting cervical conditions.[1] The following day, May 6, 2021, employer issued a denial of the combined condition, asserting that the otherwise compensable work injury had ceased to be the major contributing cause of the combined condition. *See* ORS 656.262(7)(b) ("Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written

---

[1] The amended notice of acceptance stated:

"Your claim was previously accepted for disabling C7 radiculopathy. Medical evidence indicates the C7 radiculopathy combined with a preexisting C2 through C6 laminectomy and posterior fusion, Brown-Sequard Syndrome, and cervical spondylosis C6-7. We therefore amend the scope of the acceptance to include disabling C7 radiculopathy combined with a preexisting C2 through C6 laminectomy and posterior fusion, Brown-Sequard Syndrome, and cervical spondylosis at C6-7, effective November 6, 2019."

denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed.").

ORS 656.268(1) provides that a claim may be closed when:

> "(a)   The worker has become medically stationary and there is sufficient information to determine permanent disability. ***
>
> "(b)   The accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions pursuant to ORS 656.005(7). When the claim is closed because the accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions, and there is sufficient information to determine permanent disability, the likely permanent disability that would have been due to the current accepted condition shall be estimated."

When the medical evidence indicated that claimant's C7 radiculopathy was medically stationary and was no longer the major contributing cause of claimant's combined condition, employer issued a notice of closure, awarding claimant 19 percent whole person impairment and work disability for the accepted C7 radiculopathy. The notice of closure became final.

Claimant challenged the denial of the combined condition. In proceedings before an administrative law judge (ALJ) and the board, claimant argued that the award of permanent disability on the accepted C7 radiculopathy was inconsistent with employer's outright denial of the combined condition. Claimant contended that the award of disability on the accepted C7 radiculopathy showed that the accepted claim was still the major contributing cause of claimant's disability resulting from the combined condition. Claimant further argued that the closure of the accepted C7 radiculopathy claim constituted a final, unchallenged adjudication on the ongoing compensability of the combined condition. Both the ALJ and the board rejected those arguments, concluding that the medical evidence established that claimant's accepted C7 radiculopathy was no longer the major contributing cause of the disability or need for treatment of the combined condition and that the combined condition

claim was thus properly denied. As explained below, we also reject claimant's arguments.

Generally, a worker seeking benefits for an injury has the burden to prove that the claimed condition exists and that the work injury is a material contributing cause of the disability and need for treatment. *See SAIF v. Sprague*, 346 Or 661, 663-64, 217 P3d 644 (2009) (discussing claimant's burden). ORS 656.005(7)(a); ORS 656.266(1); ORS 656.245(1)(a). In the "combined condition" context, however, ORS 656.005(7)(a)(B) provides:

> "If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Thus, a combined condition is subject to the major contributing cause standard of proof. That means that the combined condition is compensable only if the "otherwise compensable injury" is the major contributing cause of the disability of the combined condition or the need for treatment of the combined condition.

Further, in the combined condition context, the burden of proof is also altered. Generally, the burden to prove the compensability of an injury or disease is on the claimant. ORS 656.266(1) provides:

> "The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker."

But in the context of a combined condition claim, ORS 656.266(2) provides:

> "Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005 (7)(a)(B) only:
>
> "(a)   Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no

longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Thus, when either party has established the existence of a combined condition, and the claimant establishes an "otherwise compensable injury," an employer seeking to disprove the compensability of the combined condition has the burden to prove that the otherwise compensable injury "is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition." ORS 656.266(2)(a).

Here, employer initially accepted a claim for C7 radiculopathy, which subsequently, in the context of the combined condition claim, was the "otherwise compensable injury." Separately, employer also accepted a "combined condition" of the "otherwise compensable injury" (claimant's accepted C7 radiculopathy) and claimant's preexisting cervical conditions. Then, based on medical evidence that claimant's accepted C7 radiculopathy was no longer the major contributing cause of claimant's disability or need for treatment of the combined condition, employer denied the combined condition. Employer then issued a notice of closure on the accepted C7 radiculopathy, awarding disability benefits that the medical record reflects were 100 percent attributable to the accepted C7 radiculopathy. Claimant argues that the denial of the combined condition was improper, because the record does not reflect consideration of whether the disability that employer awarded in the notice of closure for the C7 radiculopathy was attributable to claimant's combined condition. Claimant states in his brief:

> "In this case, claimant was awarded permanent disability for the accepted C7 radiculopathy at closure and after the denial of the combined condition issued. The board refused to consider that award of permanent disability when performing the weighing required to determine whether the C7 radiculopathy continued to be the major contributing cause of the disability of the combined condition. Instead, the board relied on medical evidence that determined the C7 radiculopathy was resolved and no longer symptomatic, which meets the test for the need for treatment of the combined condition, but fails to consider the major contributing cause of the disability of the combined condition."

As best we understand claimant's argument, it is that the board erred in failing to consider, in evaluating the denial of the combined condition, the benefits awarded in the notice of closure for disability on the accepted C7 radiculopathy. According to claimant, when employer calculated claimant's loss of range of motion, it apportioned the award as a combined condition. Thus, claimant's argument goes, employer admitted that the work injury remained the major contributing cause of the combined condition.

That argument is not correct. Although employer issued an acceptance of a combined condition including the C7 radiculopathy, before employer closed the claim, employer denied the combined condition. In order to deny the combined condition, employer had the burden to prove that the otherwise compensable condition was no longer the major contributing cause of the disability or need for treatment of the combined condition. ORS 656.266(2). Employer met that burden. Thus, having denied the combined condition, employer was entitled to apportion benefits between the accepted condition and the denied combined condition, *Caren v. Providence Health System Oregon*, 365 Or 466, 486, 446 P3d 67 (2019), and to pay benefits only for the impairment related to the accepted condition. The notice of closure reflects that employer did that—it apportioned benefits for claimant's loss of range of motion so as to award only those benefits for loss of range of motion attributable to the accepted C7 radiculopathy, not the combined condition. Thus, there was no inconsistency between the notice of closure's award of disability benefits for the C7 radiculopathy and the previous denial of the combined condition, and the board did not err in declining to take the apportionment into account in addressing claimant's challenge to the combined condition denial.

Affirmed.